IN THE UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT

| | |
|---|---|
| MICHAEL MILLER<br>*Plaintiff*,<br><br>v.<br><br>JUDICIAL COUNCIL OF THE UNITED STATES COURT OF APPEALS FOR THE THIRD CIRCUIT;<br>JUDGE THOMAS M. HARDIMAN, in his official capacity;<br>JUDGE PATTY SHWARTZ, in her official capacity,<br><br>*Defendants*. | Civ. No: 25-2616<br><br>(DC case: 5:25-cv-04633) |

### CONCISE SUMMARY OF THE CASE

**Orders Appealed:** ECF 7 (Aug. 14, 2025 dismissal order); ECF 9 (Aug. 18, 2025 denial of Rule 59(e)/52(b) motion).

---

**Nature of the Case**

This appeal challenges the dismissal of a federal complaint seeking declaratory and injunctive relief against the Third Circuit Judicial Council's June 27, 2025 order restricting appellant from filing judicial misconduct complaints. The district court dismissed sua sponte for lack of subject-matter jurisdiction under Rule 12(h)(3),

1

holding that 28 U.S.C. §§ 352(c) and 357(c) render the Council's action "final and conclusive and not judicially reviewable."

**Course of Proceedings and Disposition Below**

- **Aug. 12, 2025:** Complaint filed seeking to enjoin the Rule 10 restriction and restore statutory access to the misconduct process.

- **Aug. 13, 2025:** Motion for recusal and for preliminary injunction filed.

- **Aug. 14, 2025 (ECF 7):** Court dismissed complaint sua sponte under Rule 12(h)(3), denied recusal, and denied preliminary injunction.

- **Aug. 15, 2025 (ECF 8):** Appellant filed timely Rule 59(e)/52(b) motion arguing § 352(c)/357(c) do not apply to Rule 10 sanctions, that Council acted ultra vires, and that constitutional claims remain reviewable.

- **Aug. 18, 2025 (ECF 9):** Court denied reconsideration, reaffirmed dismissal, invoked § 357(c) as an "unqualified" jurisdictional bar, rejected *Leedom v. Kyne*, dismissed constitutional claims, raised judicial immunity sua sponte, and failed to revisit recusal.

**Issues Presented**

1. Whether the district court erred by extending § 352(c)/§ 357(c) finality to a Rule 10 restriction created under § 358 rulemaking authority, when the statute does not mention such sanctions.

2. Whether *Leedom v. Kyne* permits judicial review of restrictions alleged to be imposed beyond statutory authority.

3. Whether *Webster v. Doe* requires courts to hear First and Fifth Amendment claims absent a clear statement of congressional preclusion.

4. Whether the district court violated *Bell v. Hood* by dismissing sua sponte for lack of jurisdiction despite the presence of colorable constitutional claims, which must be adjudicated on the merits unless wholly insubstantial.

5. Whether the court erred by denying recusal in ECF 7 and then failing to revisit it in ECF 9, despite 28 U.S.C. § 455(a)'s mandatory standard.

6. Whether judicial immunity, raised sua sponte without notice or briefing, applies to alleged ultra vires administrative restrictions imposed under § 358.

7. Whether sua sponte dismissal from chambers, without adversarial briefing and while a recusal motion was pending, violated due process.

Each issue was timely raised in ECF 8 and ruled upon (or evaded) in ECF 9, preserving them for appeal.

**Related Cases**

- *Miller v. Lancaster County*, No. 24-2934 (3d Cir. 2025) – pending appeal, raising related jurisdictional violations, abstention violations, statutory violations, and the judicial misconduct complaints triggering the filing ban on Appellant.

- *Miller v. Lancaster County*, No. 25-2570 (3d Cir. 2025) – pending appeal, raising related jurisdictional violations, and the judicial misconduct complaints triggering the filing ban on Appellant.

                                        Respectfully Submitted,

                                        */s/ Michael Miller*
                                        MICHAEL MILLER
                                        108 N. Reading Rd., Ste F, 246
                                        Ephrata, Pennsylvania 17522
                                        (717) 388-0163
Dated: August 26, 2025               reaganfive@protonmail.com

## CERTIFICATE OF SERVICE

I hereby certify that I caused to be served by e-filing a true and correct copy of the foregoing document to the parties as needed for this response through the clerk's office:

                Robert A. Zauzmer
                *Attorneys for Defendants*

                Respectfully Submitted,

                */s/ Michael Miller*
                MICHAEL MILLER
                108 N. Reading Rd., Ste F, 246
                Ephrata, Pennsylvania 17522
                (717) 388-0163
Dated: August 26, 2025      reaganfive@protonmail.com