IN THE UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT

| | |
|---|---|
| MICHAEL MILLER<br>*Plaintiff*,<br><br>v.<br><br>JUDICIAL COUNCIL OF THE UNITED STATES COURT OF APPEALS FOR THE THIRD CIRCUIT;<br>JUDGE THOMAS M. HARDIMAN, in his official capacity;<br>JUDGE PATTY SHWARTZ, in her official capacity,<br><br>*Defendants*. | Civ. No: 25-2616<br><br>(DC case: 5:25-cv-04633) |

**APPELLANT'S OPENING BRIEF**

**TABLE OF CONTENTS**

I. JURISDICTIONAL STATEMENT ..........................................................4

II. STATEMENT OF ISSUES................................................................4

III. STATEMENT OF RELATED CASES ...................................................6

IV. STATEMENT OF THE CASE AND FACTS........................................6

V. SUMMARY OF THE ARGUMENT......................................................8

VI. ARGUMENT ....................................................................................9

   A. RECUSAL COMES FIRST: A CONFLICTED JUDGE CANNOT DECIDE HIS OWN JURISDICTION..................................................................9

   B. JURISDICTION MEANS THRESHOLD, NOT MERITS: *BELL* FORBIDS COLLAPSING DEFENSES INTO RULE 12(H)(3) .........................11

   C. SILENCE IS NOT A BAR: CONSTITUTIONAL CLAIMS REQUIRE A CLEAR STATEMENT BEFORE THEY CAN BE SHUT OUT.14

   D. ADJUDICATION REQUIRES PROCESS: CHAMBERS-ONLY DECREES AND INVENTED DEFENSES ARE STRUCTURALLY VOID...16

VII. CONCLUSION / RELIEF REQUESTED ...........................................18

VIII. CERTIFICATION OF COMPLIANCE ............................................18

IX. CERTIFICATE OF SERVICE...........................................................19

## TABLE OF AUTHORITIES

**Cases**

*Aichele, Constitution Party of Pa. v.*, 757 F.3d 347 (3d Cir. 2014) ….............. 12, 17
*Bell v. Hood*, 327 U.S. 678 (1946) ................................................................ 11, 13, 18
*Caperton v. A.T. Massey Coal Co.*, 556 U.S. 868 (2009) ..................................... 10
*Goldberg v. Kelly*, 397 U.S. 254 (1970) ..................................................... 16, 17, 18
*In re Kensington Int'l Ltd.*, 368 F.3d 289 (3d Cir. 2004) ......................................... 9
*Johnson v. Robinson*, 415 U.S. 361 (1974) ..................................................... 14, 16
*Leedom v. Kyne*, 358 U.S. 184 (1958) ................................................................ 8, 12
*Liljeberg v. Health Servs. Acquisition Corp.*, 486 U.S. 847 (1988) ........... 9, 11, 18
*Mortensen v. First Fed. Sav. & Loan Ass'n*, 549 F.2d 884 (3d Cir. 1977) ..... 11, 13
*Steel Co. v. Citizens for a Better Env't*, 523 U.S. 83 (1998) ...................... 11, 13, 18
*Tumey v. Ohio*, 273 U.S. 510 (1927) ............................................................ 16, 17, 18
*Zwickler v. Koota*, 389 U.S. 241 (1967) ....................................................... 14, 16, 18

**Statutes**

28 U.S.C. § 1291 ..................................................................................................... 4
28 U.S.C. § 292(b) ................................................................................................. 11
28 U.S.C. § 351 ........................................................................................................ 7
28 U.S.C. § 352(c) ............................................................................... 7, 10, 13, 15, 17
28 U.S.C. § 455(a) ................................................................................................... 9
28 U.S.C. § 1404(a) ................................................................................................. 7

**Rules**

Fed. R. App. P. 4(a)(4)(A) .................................................................................. 4, 8
Fed. R. Civ. P. 12(b)(1) ......................................................................................... 11
Fed. R. Civ. P. 12(h)(3) ....................................................... 4–5, 7, 11–12, 16–17
Fed. R. Civ. P. 52(b) ............................................................................................ 4, 8
Fed. R. Civ. P. 59(e) ............................................................................................. 4, 8

## I.  JURISDICTIONAL STATEMENT

This Court has jurisdiction under 28 U.S.C. § 1291. The district court entered final orders dismissing the COMPLAINT on August 14, 2025 (JA 6–8; ECF 7), and denying reconsideration on August 18, 2025 (JA 9–11; ECF 9). Plaintiff timely filed a Notice of Appeal on August 19, 2025 (JA 3–5; ECF 10). Under Fed. R. App. P. 4(a)(4)(A), the Rule 59(e)/52(b) motion (JA 60–71; ECF 8) tolled the time to appeal, and the Notice was therefore timely as to both orders. Appellate jurisdiction is proper because these orders disposed of all claims and parties.

## II.  STATEMENT OF ISSUES

**A. Recusal Before Jurisdiction**

– Whether the district court committed per se reversible error by deciding jurisdiction under Rule 12(h)(3) while Plaintiff's recusal motion under 28 U.S.C. § 455 was pending, and by tethering denial of recusal to its own statutory interpretation.

• Raised: JA 39–48 (ECF 3, Motion for Recusal or Transfer)

• Objected to: JA 60–71 (ECF 8, Rule 59(e)/52(b) Motion)

• Ruled on: JA 6–8 n.2 (ECF 7, Dismissal Order); JA 9–11 (ECF 9, Denial Order)

**B. Jurisdiction vs. Merits**

– Whether the district court erred by collapsing merits defenses into jurisdiction

and dismissing colorable federal claims under Rule 12(h)(3), contrary to *Bell v. Hood*.

• Raised: JA 12–38 (ECF 1, COMPLAINT)

• Objected to: JA 60–71 (ECF 8, Rule 59(e)/52(b) Motion)

• Ruled on: JA 6–8 (ECF 7, Dismissal Order); JA 9–11 (ECF 9, Denial Order)

### C. Constitutional Claims and § 357(c)

– Whether the district court erred by dismissing constitutional claims as barred by 28 U.S.C. § 357(c), despite the absence of a clear congressional statement precluding review under *Webster v. Doe*.

• Raised: JA 12–38 (ECF 1, COMPLAINT)

• Objected to: JA 60–71 (ECF 8, Rule 59(e)/52(b) Motion)

• Ruled on: JA 9–11 (ECF 9, Denial Order)

### D. Adjudication by Fiat

– Whether sua sponte dismissal, without briefing, adversarial process, or resolution of recusal, violated due process and the petition right, where the court injected statutory defenses (ultra vires, § 357(c) finality, judicial immunity) sua sponte and mislabeled them jurisdictional.

• Raised: JA 12–38 (ECF 1, COMPLAINT)

• Objected to: JA 60–71 (ECF 8, Rule 59(e)/52(b) Motion)

• Ruled on: JA 6–8 (ECF 7, Dismissal Order); JA 9–11 (ECF 9, Denial Order)

### III.  STATEMENT OF RELATED CASES

This case has not previously been before this Court. Appellant is aware of the following related cases and proceedings:

*Miller v. County of Lancaster, et al.*, No. 5:24-cv-05338 (E.D. Pa.) – pending appeal No. 25-2570 in this Court. That matter involves the same presiding judge, overlapping claims of jurisdictional manipulation, and related judicial conduct complaints.

*Miller v. Third Circuit Judicial Council*, Nos. 03-24-90148 through 03-25-90034 (Judicial Conduct and Disability Act proceedings, 3d Cir.) – administrative proceedings giving rise to the June 27, 2025 filing ban challenged in this case.

*Miller v. County of Lancaster, et al.*, No. 24-2934 (3d Cir.) – appeal involving the same appellant and overlapping jurisdictional issues.

### IV.  STATEMENT OF THE CASE AND FACTS

This appeal arises from the dismissal of a civil action brought under the Declaratory Judgment Act challenging the validity of a filing restriction imposed by the Judicial Council of the Third Circuit.

On August 12, 2025, Plaintiff filed a *COMPLAINT for Declaratory and Injunctive Relief* (JA 12–38; ECF 1). The COMPLAINT advanced four counts: (1) that the Judicial Council's June 27, 2025 filing ban was ultra vires and void for lack of statutory basis, findings, or recorded vote; (2) that the ban was imposed in

retaliation for filing judicial misconduct complaints and denied access to the petition right under 28 U.S.C. § 351 and the First Amendment; (3) that recusal and transfer were required under 28 U.S.C. § 455 or §§ 292(b) and 1404(a); and (4) that if the restriction were deemed authorized, the statute and rules as applied violated the First Amendment.

On August 13, 2025, Plaintiff filed a *Motion for Recusal or Transfer* (JA 39–48; ECF 3), asserting that all judges of the Eastern District of Pennsylvania were structurally subordinate to the Third Circuit Judicial Council and thus disqualified. On the same day, Plaintiff filed a *Motion for Preliminary Injunction* (JA 50–59; ECF 4) to halt enforcement of the June 27, 2025 restriction pending adjudication.

On August 14, 2025—two days after the COMPLAINT was filed, before any defendant had appeared, and while the recusal motion remained pending—the assigned judge sua sponte entered an order under Fed. R. Civ. P. 12(h)(3) dismissing the action for lack of subject-matter jurisdiction (JA 6–8; ECF 7). The order cited 28 U.S.C. § 352(c) as barring review, denied recusal in a footnote on the ground that dismissal for want of jurisdiction was required, and denied preliminary injunctive relief for the same reason. No briefing, hearing, or adversarial submissions preceded this ruling.

On August 15, 2025, Plaintiff filed a *Combined Motion to Alter or Amend Judgment* under Rule 59(e) and for Amended or Additional Findings under Rule 52(b) (JA 60–71; ECF 8). The motion argued that the Council's action was an administrative sanction rather than a merits dismissal, that ultra vires acts remain reviewable under *Leedom v. Kyne*, and that constitutional claims are reviewable absent a clear congressional statement under *Webster v. Doe*. The motion also renewed the request for recusal.

On August 18, 2025, the same judge denied the motion. The order reaffirmed dismissal, extended § 357(c) as an "unqualified bar," rejected reliance on *Leedom v. Kyne*, dismissed the constitutional claims as non-reviewable, and sua sponte invoked judicial immunity as an additional ground (JA 9–11; ECF 9).

On August 19, 2025, Plaintiff timely filed a *Notice of Appeal* from both orders (JA 3–5; ECF 10). Under Fed. R. App. P. 4(a)(4)(A), the Rule 59(e)/52(b) motion tolled the time to appeal, and the Notice was effective as to both rulings.

## V. SUMMARY OF THE ARGUMENT

The judgment below is void because it rested on structural defects. Recusal was bypassed, jurisdiction was collapsed into merits, constitutional claims were barred without a clear congressional statement, and adjudication was replaced by unilateral fiat. Each error is independently reversible; together they confirm the court never lawfully exercised judicial power.

## VI. ARGUMENT

### A. Recusal Comes First: A Conflicted Judge Cannot Decide His Own Jurisdiction

Recusal (§ 455): Structural error reviewed de novo; violation is per se reversible. *Liljeberg v. Health Servs.*, 486 U.S. 847, 862–65 (1988).

The district court committed per se reversible error by acting on jurisdiction while Plaintiff's recusal motion under 28 U.S.C. § 455 was pending. Judge Leeson denied recusal in a footnote, citing his own reading of § 352(c). He then used that same interpretation to dismiss the case. A conflicted judge cannot decide both his impartiality and his jurisdiction.

Section 455(a) requires recusal whenever impartiality may reasonably be questioned. Section 455(b)(5)(i) mandates disqualification when a judge is institutionally entangled with a party. In *Liljeberg v. Health Services Acquisition Corp.*, 486 U.S. 847, 858–60 (1988), the Supreme Court held that violation of § 455 is per se reversible. The Third Circuit has confirmed that the test is whether a reasonable observer would doubt impartiality. *In re Kensington Int'l Ltd.*, 368 F.3d 289, 302 (3d Cir. 2004). Recusal must be resolved before "any proceeding," including determinations of jurisdiction.

Plaintiff moved for recusal and transfer (JA 39–48; ECF 3). That alignment required disqualification under § 455. The appearance of bias was heightened

9

because the COMPLAINT alleged that Judge Leeson was himself the subject of judicial misconduct complaints forming part of the record challenged in this case. Under § 455(b)(5)(i), that direct entanglement required disqualification. And under *Caperton v. A.T. Massey Coal Co.*, 556 U.S. 868, 881–82 (2009), due process independently forbids adjudication where a judge has a personal stake or appearance of bias in the outcome.

The district court instead denied recusal in a footnote to its dismissal order (JA 6–8 n.2; ECF 7). It reasoned that dismissal under § 352(c) was required, so impartiality could not be doubted. That logic substituted the judge's contested merits view for the objective standard and inverted the statutory order of operations.

Plaintiff renewed his recusal motion in a Rule 59(e) filing to show jurisdiction was colorable and constitutional claims survived (JA 60–71; ECF 8). The court again refused, this time calling § 357(c) an "unqualified bar" (JA 9–11; ECF 9).

The error is structural. The recusal denial was folded into the dismissal and insulated the Judicial Council's orders from neutral review. A reasonable observer would conclude that Judge Leeson's impartiality was compromised by both institutional subordination and his reliance on disputed statutory reasoning. Under

*Liljeberg* and 28 U.S.C. § 292(b), the judgment must be vacated and the case remanded to a neutral tribunal.

## B. **Jurisdiction Means Threshold, Not Merits: *Bell* Forbids Collapsing Defenses into Rule 12(h)(3)**

Jurisdiction vs. Merits: De novo review. *Steel Co. v. Citizens for a Better Env't*, 523 U.S. 83, 89–94 (1998).

The district court committed reversible error by collapsing merits defenses into jurisdiction and dismissing Plaintiff's complaint sua sponte under Rule 12(h)(3). Judge Leeson treated statutory defenses as threshold defects, even though no defendant appeared. Jurisdiction must be resolved first, not manufactured from defenses.

The Supreme Court held in *Bell v. Hood*, 327 U.S. 678, 682 (1946), that colorable federal claims confer jurisdiction and defenses cannot be recast as jurisdictional. In *Steel Co. v. Citizens for a Better Environment*, 523 U.S. 83, 94–95 (1998), the Court confirmed that jurisdiction must precede merits. The Third Circuit has likewise explained that a facial Rule 12(b)(1) motion accepts the complaint as pled. *Mortensen v. First Fed. Sav. & Loan Ass'n*, 549 F.2d 884, 891 (3d Cir. 1977).

Plaintiff's complaint raised ultra vires and constitutional claims that were facially colorable (JA 12–38; ECF 1). It alleged that the June 27, 2025 Judicial

11

Council action was an administrative Rule 10 sanction imposed without a Council vote or statutory authority, not a merits dismissal of a misconduct complaint under § 352(c). Mischaracterizing this administrative sanction as a § 352(c) "final and conclusive" merits ruling led the district court to bypass jurisdiction altogether. But allegations of ultra vires administrative acts must be accepted as true in a facial jurisdictional review, and if true, they confer jurisdiction to adjudicate.

Under *Constitution Party of Pa. v. Aichele*, 757 F.3d 347, 358–60 (3d Cir. 2014), a sua sponte Rule 12(h)(3) dismissal is, by definition, a facial jurisdictional attack. On a facial attack, the court must accept all well-pleaded allegations as true and construe them in the light most favorable to the plaintiff. By invoking § 352(c) and § 357(c) as categorical bars, the district court treated Plaintiff's allegations as legally irrelevant rather than accepting them as true. That inversion is not discretionary; it is a structural error that nullified the threshold function of jurisdiction.

Even where statutes limit review, ultra vires acts remain subject to judicial oversight. In *Leedom v. Kyne*, 358 U.S. 184, 188 (1958), the Court held that courts retain jurisdiction to review agency actions taken "in excess of delegated powers and contrary to a specific prohibition" of the statute. Plaintiff's allegations—that the Council ignored mandatory statutory commands in §§ 352–354—fit squarely within *Leedom*.

The district court instead dismissed under § 352(c), treating it as a jurisdictional bar (JA 6–8; ECF 7). Section 352(c) speaks only to finality of reviewable merits dismissals and does not insulate separate administrative sanctions. By mislabeling it as a threshold defect, the court violated *Bell*.

The error deepened when the court denied reconsideration. The August 18, 2025 order (JA 9–11; ECF 9) expanded the rationale, calling § 357(c) an "unqualified bar" and adding judicial immunity sua sponte. Immunity is a merits defense, not a jurisdictional rule. By raising it on his own, the court collapsed categories and short-circuited adversarial testing. That procedure directly contravened *Steel Co.*

Defendants never appeared. All defenses—finality, ultra vires, immunity—were imposed from chambers. Counts I and IV of the COMPLAINT, including constitutional avoidance arguments, were dismissed as jurisdictionally barred (JA 12–38; ECF 1). That approach violated *Mortensen*, which requires courts to accept the complaint as pled on a facial jurisdictional review.

By collapsing merits into jurisdiction, and by treating allegations as legally irrelevant, the district court denied Plaintiff a lawful threshold review. Colorable claims were barred by ipse dixit rather than tested in adversarial process. Under *Bell*, *Steel Co.*, and *Leedom*, this inversion is per se reversible. The judgment must be vacated and remanded to a neutral tribunal.

## C. Silence Is Not a Bar: Constitutional Claims Require a Clear Statement Before They Can Be Shut Out

Constitutional reviewability: De novo. *Webster v. Doe*, 486 U.S. 592, 603 (1988).

The district court wrongly barred Plaintiff's First Amendment retaliation and petition claims by treating 28 U.S.C. § 357(c) as an "unqualified bar." Judge Leeson read the statute as eliminating jurisdiction over constitutional challenges even though Congress never said so. Statutory silence cannot extinguish constitutional claims.

The Supreme Court has made clear that constitutional claims survive unless Congress unmistakably precludes review. In *Webster v. Doe*, 486 U.S. 592, 603 (1988), the Court held that Congress must speak clearly to bar constitutional claims. *Johnson v. Robinson*, 415 U.S. 361, 373 (1974), reaffirmed a strong presumption of reviewability. And *Zwickler v. Koota*, 389 U.S. 241, 248 (1967), confirmed that federal courts must adjudicate live constitutional challenges. Together, these cases establish that silence is not enough.

Plaintiff's COMPLAINT alleged retaliation and denial of the petition right under the First Amendment, challenging the Judicial Council's Rule 10 restriction as an unconstitutional prior restraint (JA 12–38; ECF 1). These claims were facially colorable and required judicial review.

The district court's first dismissal ignored these claims. The August 14, 2025 order relied only on § 352(c) "finality," treating statutory defenses as dispositive (JA 6–8; ECF 7). By bypassing constitutional claims, the court barred claims Congress never withdrew.

The error deepened when the court denied reconsideration. The August 18, 2025 order invoked § 357(c), calling it an "unqualified bar" (JA 9–11; ECF 9). That ruling directly conflicted with *Webster*, which requires a clear statement before constitutional claims may be barred. Section 357(c) contains no such statement.

The interpretation also produces absurd results. Read as the district court applied it, §§ 352(c) and 357(c) would allow judicial officers to impose sanctions beyond statutory authority, ignore Congress's procedural safeguards, and then insulate their actions from all judicial review. Such a reading nullifies the very safeguards Congress enacted. The absurd-result canon requires construing statutes to avoid such outcomes. See *United States v. X-Citement Video, Inc.*, 513 U.S. 64, 69–70 (1994). Construed properly, § 357(c) applies only to petitions under §§ 352–354 and does not eliminate review of independent constitutional claims.

By extinguishing constitutional claims without congressional withdrawal, the district court contravened Supreme Court precedent and exceeded its authority. Under *Webster*, *Johnson*, and *Zwickler*, the error is per se reversible. The judgment

15

must be vacated and the case remanded to a neutral tribunal. Federal courts cannot erase constitutional claims through statutory silence or by adopting interpretations that produce absurd results.

### D. **Adjudication Requires Process: Chambers-Only Decrees and Invented Defenses Are Structurally Void**

Due process violations: Structural error, reviewed de novo. *Tumey v. Ohio*, 273 U.S. 510, 523 (1927).

The district court displaced adversarial adjudication with chambers-only fiat. Judge Leeson dismissed the complaint sua sponte under Rule 12(h)(3) while a recusal motion was pending. He then reaffirmed dismissal by adding statutory defenses and judicial immunity that no party raised. Article III does not permit adjudication by ipse dixit.

Due process requires both impartial adjudication and adversarial testing. In *Tumey v. Ohio*, 273 U.S. 510, 523 (1927), the Court held that proceedings before a biased or compromised tribunal deny due process. In *Goldberg v. Kelly*, 397 U.S. 254, 267 (1970), the Court explained that notice and a meaningful opportunity to be heard are essential before deprivation. And in *Zwickler v. Koota*, 389 U.S. 241, 248 (1967), the Court emphasized that federal courts must adjudicate live constitutional claims. Together these precedents make clear that unilateral chambers rulings, issued without process, are not lawful judgments.

16

The court dismissed Plaintiff's complaint sua sponte under Rule 12(h)(3) (JA 6–8; ECF 7). No defendant had appeared or filed a motion. The ruling issued without notice, briefing, or hearing, and while Plaintiff's recusal motion was unresolved (JA 39–48; ECF 3). That sequence denied Plaintiff the neutral tribunal guaranteed by *Tumey*. Under *Constitution Party of Pa. v. Aichele*, 757 F.3d 347, 358–60 (3d Cir. 2014), a sua sponte Rule 12(h)(3) dismissal is "by definition" a facial jurisdictional attack. On a facial attack, the court must accept all well-pleaded allegations as true and determine only whether they state a colorable basis for jurisdiction. By invoking § 352(c) and § 357(c) as "final" and "unqualified" bars, the district court treated Plaintiff's allegations as legally irrelevant and short-circuited that threshold inquiry.

Judge Leeson entrenched the error when he denied reconsideration (JA 9–11; ECF 9). He expanded the dismissal by invoking § 357(c) as an "unqualified bar" and adding judicial immunity on his own initiative. Immunity is a merits defense, not a jurisdictional defect. By raising it sua sponte and treating it as jurisdictional, the court bypassed adversarial process and violated the rule in *Goldberg v. Kelly*, 397 U.S. at 267, that notice and hearing are essential before judgment.

Because the district court replaced adversarial testing with unilateral decrees, Plaintiff was denied due process and Article III adjudication. The

17

judgment is structurally void. Under *Tumey* and *Goldberg*, such error is per se reversible. The judgment must be vacated and the case remanded to a neutral tribunal. Justice cannot rest on chambers-only rulings.

## VII. CONCLUSION / RELIEF REQUESTED

Because the district court bypassed recusal, collapsed jurisdiction into merits, barred constitutional claims without a clear statement, and replaced adjudication with unilateral decrees, the judgment is structurally void. Under *Liljeberg*, *Steel Co.*, *Webster*, *Bell*, *Tumey*, and *Zwickler*, such errors are per se reversible. Appellant respectfully requests that this Court vacate the judgment and remand the case to a neutral tribunal for lawful adjudication.

Dated: August 29, 2025

Respectfully submitted,

*/s/ Michael Miller*
Michael Miller
Pro Se Appellant
108 N. Reading Road, F-246
Ephrata, Pennsylvania 17522
reaganfive@protonmail.com
(717) 388-0163

## VIII. CERTIFICATION OF COMPLIANCE

Pursuant to Fed. R. App. P. 32(g)(1), Appellant certifies that this brief complies with the type-volume limitation of Rule 32(a)(7). Based on a word-count

function, the total number of words in the brief (excluding exempt sections under Rule 32(f)) is approximately 3,019. The brief has been prepared in 14-point Times New Roman font and is compliant with the formatting requirements of Rule 32(a)(5)–(6).

*/s/ Michael Miller*<br>
MICHAEL MILLER

## IX.   CERTIFICATE OF SERVICE

I hereby certify that on August 29, 2025, I electronically filed the foregoing Brief for Appellant and the accompanying Joint Appendix with the Clerk of the Court for the United States Court of Appeals for the Third Circuit using the appellate CM/ECF system.

All participants are registered CM/ECF users, and service will be accomplished by the appellate CM/ECF system.

Dated: August 29, 2025

Respectfully submitted,

*/s/ Michael Miller*<br>
Michael Miller<br>
Pro Se Appellant<br>
108 N. Reading Road, F-246<br>
Ephrata, Pennsylvania 17522<br>
reaganfive@protonmail.com<br>
(717) 388-0163

19