IN THE UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT

| | |
|---|---|
| MICHAEL MILLER<br>*Plaintiff*,<br><br>v.<br><br>JUDICIAL COUNCIL OF THE UNITED STATES COURT OF APPEALS FOR THE THIRD CIRCUIT;<br>JUDGE THOMAS M. HARDIMAN, in his official capacity;<br>JUDGE PATTY SHWARTZ, in her official capacity,<br><br>*Defendants*. | Civ. No: 25-2616<br><br>(DC case: 5:25-cv-04633) |

**APPELLANT'S MOTION FOR RECUSAL AND REASSIGNMENT**

Appellant Michael Miller, pro se, respectfully moves under 28 U.S.C. §§ 455(a), 455(b)(5)(i), and 292(d) for recusal of all judges of the United States Court of Appeals for the Third Circuit and reassignment of this appeal to a neutral panel designated by the Chief Justice of the United States.

**1. Incorporation of District Court Motion**

On August 13, 2025, Appellant filed ECF 3 in the district court, seeking recusal or transfer on grounds of structural entanglement between the Eastern District of

1

Pennsylvania judiciary and the Third Circuit Judicial Council. That motion was denied in a footnote in the district court's dismissal order (ECF 7).

**Note on Appendix:** The original motion (ECF 3) is reproduced in the Joint Appendix at pages – and attached here as *Appendix A*. Appellant incorporates it by reference.

**2. Grounds for Appellate Recusal**

- **Institutional Entanglement.** This appeal directly challenges Judicial Council orders issued by Judges Hardiman and Shwartz in their administrative capacity. All judges of this Court are institutionally aligned with the Council whose orders are under review. Under *Kensington*, such structural entanglement alone creates an impermissible appearance of partiality.

- **Pattern of Evasion.** In three separate cases (24-2934, 25-2570, 25-2616), the same evasion devices recur: conflating jurisdiction with merits, refusing to rule on motions, re-labeling motions and objections to erase review, and allowing clerk-issued "jurisdiction defect" letters to substitute for judicial orders. Each time, the Court's silence or summary affirmance has ratified the device. A reasonable observer would conclude this repetition is not error but entrenched evasion. *Appendix B (Pattern Evidence of Structural Misconduct Across Appeals)* summarizes this record.

2

- **Statutory Requirements.**
    - § 455(a): disqualification required where impartiality might reasonably be questioned.
    - § 455(b)(5)(i): disqualification required when a judge is a party in interest or has an institutional stake in the outcome.
- **Controlling Authority.**
    - *Liljeberg v. Health Servs.*, 486 U.S. 847 (1988) — recusal required whenever impartiality may reasonably be questioned, regardless of actual bias.
    - *Caperton v. A.T. Massey Coal Co.*, 556 U.S. 868 (2009) — extreme facts creating a serious risk of bias violate due process.
    - *In re Kensington Int'l Ltd.*, 368 F.3d 289 (3d Cir. 2004) — "the appearance of impropriety is as serious as its reality"; structural entanglement required vacatur and reassignment.

Both the institutional entanglement of this Court with the Council's orders, and the repeated pattern of evasion across Appellant's appeals, satisfy the § 455(a) reasonable-observer standard. Public confidence in the judiciary cannot be preserved without reassignment.

## 3. Remedy

Appellant requests referral to the Chief Justice under 28 U.S.C. § 292(d) for designation of a neutral panel of visiting judges from outside the Third Circuit. See also *Strickland v. United States*, 32 F.4th 311 (4th Cir. 2022) (intercircuit reassignment where entire circuit judiciary was conflicted).

## 4. Conclusion

Appellant respectfully renews his motion for recusal and reassignment. The integrity of the proceedings requires adjudication by a neutral tribunal unentangled with the Judicial Council orders at issue and untainted by the entrenched pattern of jurisdictional evasion.

## Appendices

- *Appendix A* — District Court Recusal Motion (ECF 3)
- *Appendix B* — *Pattern Evidence of Structural Misconduct Across Appeals*

Respectfully submitted,

*/s/ Michael Miller*
Michael Miller
Pro Se Appellant
108 N. Reading Road, F-246
Ephrata, Pennsylvania 17522
reaganfive@protonmail.com
(717) 388-0163

Dated: August 31, 2025

Appendix A — District Court Recusal Motion (ECF 3)

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| MICHAEL MILLER<br><br>*Plaintiff*,<br>v.<br><br>JUDICIAL COUNCIL OF THE UNITED STATES COURT OF APPEALS FOR THE THIRD CIRCUIT;<br>JUDGE THOMAS M. HARDIMAN, in his official capacity;<br>JUDGE PATTY SHWARTZ, in her official capacity,<br><br>*Defendants*. | Civ. No. 5:25-cv-04633-JFL |

**MOTION FOR RECUSAL OR TRANSFER IN THE INTEREST OF JUSTICE**

Plaintiff Michael Miller, pro se, moves under 28 U.S.C. §§ 144, 455(a), and 455(b)(1)–(5) for recusal of the assigned judge and transfer of this case to a district outside the Third Circuit, and in support states:

**I. INTRODUCTION**

This motion arises from an ongoing pattern of procedural irregularities and extra-statutory orders issued in Judicial Conduct and Disability Act proceedings involving the Third Circuit Judicial Council. These actions, which Plaintiff challenges in the present case, have been taken or reviewed by members of the Council, including Defendant Judge Thomas M. Hardiman, and by other judges within the Third Circuit. Continued adjudication of this matter by judges in the same circuit presents an appearance of partiality that § 455(a) forbids.

**II. GROUNDS FOR MANDATORY RECUSAL UNDER 28 U.S.C. § 455**

6

**A. EDPA Judges Are Structurally Subordinate to the Third Circuit Judicial Council**

The Judicial Council of the Third Circuit oversees judicial misconduct complaints in this Circuit and exercises administrative authority over all district court judges within it. Plaintiff alleges that the Judicial Council, and certain officials acting in their administrative capacity under the Judicial Conduct and Disability Act, violated federal law by issuing void orders without statutory authority. These orders remain in force and bar access to the process Congress created for reporting judicial misconduct.

The challenged orders were issued by Circuit Judges Patty Shwartz and Thomas M. Hardiman in their official administrative capacities. Both sit on the Third Circuit Judicial Council, which holds disciplinary and administrative oversight authority over all judges of the Eastern District of Pennsylvania. Any judge of this District is institutionally subordinate to that body. That relationship creates a disqualifying alignment for purposes of § 455.

**B. Disqualification Is Required Under § 455(b)(5)(i) Due to Institutional Entanglement**

Under § 455(b)(5)(i), a judge must disqualify where he or she is "a party to the proceeding or is acting as a lawyer in the proceeding." While EDPA judges are not formally named defendants, they are governed by and beneficiaries of the same administrative regime that Plaintiff challenges as void. If Plaintiff prevails, the result would directly affect the authority of the Judicial Council over future disciplinary proceedings in this District. That structural entanglement falls within the scope of mandatory disqualification under § 455(b)(5)(i).

**C. Recusal Is Independently Warranted Under § 455(a) Based on Appearance of Partiality**

Even if subsection (b) did not apply, § 455(a) requires disqualification whenever a judge's "impartiality might reasonably be questioned." The standard is objective. It does not depend on actual bias. As the Third Circuit held in *In re Kensington Int'l Ltd.*, 368 F.3d 289, 302 (3d Cir. 2004), the test is whether a reasonable person, with knowledge of all the facts, would conclude that the judge's impartiality might reasonably be questioned.

This standard is rooted not only in litigant fairness, but in maintaining public trust. "Section 455(a) concerns not only fairness to individual litigants, but also the public's confidence in the judiciary, which may be irreparably harmed if a case is allowed to proceed before a judge who appears to be tainted." *Alexander v. Primerica Holdings, Inc.*, 10 F.3d 155, 163 (3d Cir. 1993). "[J]ustice must satisfy the appearance of justice." *In re School Asbestos Litig.*, 977 F.2d 764, 782 (3d Cir. 1992) (quoting *In re Murchison*, 349 U.S. 133, 136 (1955)).

The challenged conduct here involves administrative acts taken by judicial officers at the highest level of circuit governance. Those acts remain in force and purport to bind the very judges who would now be tasked with reviewing their legality. That is not a neutral posture. A reasonable person, fully informed of the facts, would question the impartiality of any EDPA judge assigned to review those orders.

**D. Recent Proceedings Confirm Institutional Precommitment and Retaliatory Overlap**

In one of the underlying cases that prompted Plaintiff's judicial misconduct complaints, *Appeal No. 24-2934*, a Third Circuit panel consisting of Judges Krause, Phipps, and Scirica issued a nonprecedential summary affirmance that disposed of facial constitutional claims without briefing, jurisdictional findings, or application of the governing standard (ECF Nos. 59–60).

Weeks earlier, the Judicial Council of the Third Circuit imposed a blanket restriction under Rule 10(a)(1) on Plaintiff's ability to file further judicial misconduct complaints. That restriction was signed by Judge Patty Shwartz and supported by a vote that included Judge Krause—who had just participated in the panel decision now shielded from further review.

This overlap is not incidental. It demonstrates that the same officials who adjudicated Plaintiff's constitutional claims are simultaneously exercising administrative power to suppress complaints about how those claims were handled. The result is a convergence of adjudicative and disciplinary functions—one in which officials effectively ratify their own conduct while foreclosing external accountability. That alignment creates precisely the type of structural entanglement that §§ 455 and 292(b) are designed to address. A reasonable person, fully informed of these facts, would doubt the impartiality of any judge institutionally aligned with the Council or its members. These facts, as set forth in the accompanying sworn Declaration of Michael Miller, establish both mandatory and discretionary grounds for recusal under 28 U.S.C. § 455 and warrant transfer under §§ 292(b) or 1404(a).

## III. APPROPRIATE VENUE TRANSFER OR REFERRAL UNDER §§ 1404(a) OR 292(b)

### A. Two Mechanisms Exist for Reassignment When Recusal Is Required

If the Court grants recusal, it may reassign the case either by transferring it under 28 U.S.C. § 1404(a) or by referring it for intercircuit designation under 28 U.S.C. § 292(b). Plaintiff has no objection to reassignment to a judge in another federal district—particularly within the First, Fourth, or D.C. Circuits—who lacks institutional ties to the Third Circuit Judicial Council.

### B. § 292(b) Referral Is Proper Where All Local Judges Are Disqualified

Where all judges in a district are disqualified or institutionally aligned with the body whose administrative actions are challenged, § 292(b) is the appropriate mechanism. That statute authorizes the Chief Justice of the United States, upon certification of necessity, to assign a visiting judge from another circuit.

Most recently, in *United States v. Chief Judge Russell*, No. 1:25-cv-02029 (D. Md. filed June 2025), the Department of Justice successfully requested district-wide recusal of the entire District of Maryland based on structural conflict. The court granted that motion and referred the matter to the Chief Justice for designation of a visiting judge pursuant to § 292(b).

That mechanism was detailed in *Strickland v. United States*, 32 F.4th 311, 341 (4th Cir. 2022), where both the district and appellate courts were reassigned after all local judges recused. The Fourth Circuit explained that, in such cases, the Judicial Services Office (JSO) consults the Intercircuit Assignment Committee and prepares certifications of necessity, which are then executed by the appropriate circuit and forwarded for designation by the Chief Justice. See also *Microsoft Corp. v. United States*, 530 U.S. 1301, 1302 (2000) (Rehnquist, C.J., in chambers).

**C. § 1404(a) Transfer Is an Available Alternative When Referral Is Unavailable**

Alternatively, if referral under § 292(b) is not immediately available, venue may be transferred under § 1404(a) where local reassignment is impracticable or where reassignment better serves the interests of justice. See *United States v. Sibla*, 624 F.2d 864, 867 (9th Cir. 1980); *Whitehouse v. U.S. Dist. Ct. for D.R.I.*, 53 F.3d 1349, 1354 n.5 (1st Cir. 1995).

**D. Structural Entanglement Prevents Impartial Local Review**

The officials challenged here—Judges Hardiman and Shwartz—are senior members of the Judicial Council that exercises disciplinary authority over EDPA judges. No judge within this District should be tasked with adjudicating the legality of Council orders that purport to bind or prospectively restrict their own conduct.

## IV. DECLARATION OF PLAINTIFF

Pursuant to 28 U.S.C. § 1746

I, Michael Miller, declare as follows:

1. I am the Plaintiff in this action. I make this declaration based on my own firsthand knowledge and my review of the dockets and orders in the matters described herein.
2. All judges of the United States District Court for the Eastern District of Pennsylvania are administratively subordinate to the Judicial Council of the United States Court of Appeals for the Third Circuit, pursuant to 28 U.S.C. §§ 331, 332, and 351–364, and the Judicial Conduct and Disability Rules.
3. The Judicial Council, and two of its sitting members — Judges Thomas M. Hardiman and Patty Shwartz — are named defendants in this case in their official administrative capacities. This lawsuit directly challenges the validity of orders issued by the Judicial Council on June 4 and June 27, 2025.
4. A reasonable, fully informed observer would question the impartiality of any Eastern District of Pennsylvania judge assigned to this matter while the Judicial Council of the Third Circuit, and its members, are named defendants whose orders are the subject of this litigation.

5. Between December 4, 2024, and April 3, 2025, I filed eleven verified judicial misconduct complaints under 28 U.S.C. § 351, each meeting the requirements of Rule 6 of the Judicial Conduct and Disability Rules.

6. On February 26, 2025, Acting Chief Judge Hardiman issued a memorandum dismissing multiple complaints as "merits-related" without factual inquiry, individualized findings, or record citations, contrary to 28 U.S.C. § 352(b) and Rule 11(c).

7. On April 15, 2025, Acting Chief Judge Hardiman issued a second memorandum repeating these defects and including language foreshadowing a Rule 10 restriction, without applying Rule 10's standards.

8. On May 13, 2025, the Judicial Council denied my Rule 18 petition for review, adopting the prior memorandum without written reasoning, record citations, or disclosure of the Council's vote, in violation of 28 U.S.C. § 354 and Rule 19.

9. On June 4, 2025, the Judicial Council denied my second petition for review and issued a Rule 10 show-cause order proposing to restrict my future filings. The order identified no complaint as repetitious, harassing, or frivolous, cited no record, and applied no Rule 10(a) standard.

10. On June 9, 2025, the Circuit Executive informed me in writing that any new misconduct complaint I submitted would not be reviewed because the process was "closed."

11. On June 11, 2025, I filed a written response to the show-cause order, objecting to the absence of record findings, vote disclosure, or application of Rule 10 standards.

12. On June 27, 2025, Circuit Judge Patty Shwartz, acting in her capacity as a member of the Judicial Council, signed an order imposing a filing restriction under Rule 10(a). The

12

order cited the June 4 show-cause order but made no findings, cited no record, disclosed no vote, and identified no conduct to justify the restriction.

13. The June 27, 2025 restriction remains in effect and directly prevents me from filing judicial misconduct complaints arising from ongoing proceedings in the Eastern District of Pennsylvania and in the Court of Appeals.

I declare under penalty of perjury that the foregoing is true and correct.

Executed on August 12, 2025, in Ephrata, Pennsylvania.

*/s/ Michael Miller*

Michael Miller

## IV. RELIEF REQUESTED

Plaintiff respectfully requests that the Court:

1. **Recusal** — Recuse all judges of the Eastern District of Pennsylvania pursuant to 28 U.S.C. §§ 455(a) and 455(b)(5)(i), on the ground that their institutional alignment with the Third Circuit Judicial Council creates a disqualifying structural entanglement;

2. **Referral** — Refer this matter to the Chief Justice of the United States for the designation of a district judge outside the Third Circuit pursuant to 28 U.S.C. § 292(b);

3. **Transfer** — Alternatively, transfer this case to another federal district court outside the Third Circuit pursuant to 28 U.S.C. § 1404(a);

4. **Other Relief** — Grant such other and further relief as the Court deems just and proper.

Respectfully submitted,

*/s/ Michael Miller*

MICHAEL MILLER

108 N. Reading Road, F-246

Ephrata, Pennsylvania 17522

reaganfive@protonmail.com

(717) 388-0163

August 13, 2025

## CERTIFICATE OF SERVICE

I hereby certify that I caused to be served by e-filing a true and correct copy of the foregoing document to the following:

        Sarah Hyser-Staub PA I.D. No. 315989
        Lauren Anthony, PA I.D. No. 324557
        100 Pine Street
        P.O. Box 1166
        Harrisburg, PA 17108-1166
        717-232-8000
        sstaub@mcneeslaw.com
        lanthony@mcneeslaw.com

        *Attorneys for Defendants*

Respectfully Submitted,

*/s/ Michael Miller*
MICHAEL MILLER
108 N. Reading Rd., Ste F, 246
Ephrata, Pennsylvania 17522
(717) 388-0163
reaganfive@protonmail.com

Dated: August 13, 2025

Appendix B — Pattern Evidence of Structural Misconduct Across Appeals

**Pattern Evidence of Structural Misconduct Across Appeals**

*This table documents how the same structural defects and procedural devices recur across three separate Third Circuit appeals — 24-2934, 25-2570, and 25-2616 — demonstrating that the problems are systemic rather than isolated.*

|   | Device | 24-2934 (MDPA → 3d Cir) | 25-2570 (EDPA → 3d Cir) | 25-2616 (EDPA → 3d Cir) |
|---|---|---|---|---|
| 1 | **Jurisdiction/Merits Collapse** | Magistrate + Judge Wilson conflated Rule 12(b)(1) and 12(b)(6); abstention misused (ECF 59, 64). | Judge Leeson refused to dispose actions (ECF 60, 63), manufacturing pretext of "non-finality"; 3rd circ. clerk adopted it as jurisdictional defect. (ECF 7) | Judge Leeson recast ultra vires and immunity defenses as jurisdictional; dismissed sua sponte under Rule 12(h)(3). (ECF 7,9) |
| 2 | **Recusal Denied / Conflicted Judge** | Recusal motions sidelined; judges who were subjects of complaints sat in judgment. | Recusal motion denied despite overlapping cases in CA3. | Recusal denied in footnote while dismissing a case challenging Rule 10 bans against himself. (ECF 7,9) |
| 3 | **Fabricated Abstention / Pretext** | "*Reifer* abstention" invoked though no parallel proceedings existed. (ECF 59, 64) | N/A (fraud took Rule 58 form here). | Constitutional claims extinguished by statutory silence; § 357(c) treated as "unqualified bar." (ECF 7,9) |
| 4 | **Plaintiff's Objections Mischaracterized** | Specific objections under 28 USC 636 labeled "general" → blocked de novo review. (ECF 37, 40, 55, 60, 64) | Judge Leeson relabeled substantive motions and objections as "not motions" or "motions for reconsideration" to shut them down. Same device: reclassification to erase review. (ECF 60, 63) | N/A — here the fraud device was sua sponte Rule 12(h)(3) dismissal and recusal denial in a footnote. |
| 5 | **Clerk Usurpation** | Clerk issued briefing stay & jurisdiction defect letter (3d Cir. ECF 7, 11-1). | Clerk issued "jurisdiction defect" letter (ECF 7) omitting dispositive filings; creates a fraudulent 21-day 'briefing schedule' for her letter. Appellees launder argument into their brief, creating a pretext of process. (ECF 13) | N/A. Unlike the other appeals, Appellant was given a briefing schedule despite the dismissal for lack of jurisdiction. |
| 6 | **Engineered Record** | Objections erased; false "generalized" narrative inserted into CA3 mem-op. (ECF 11-1, 17) | Judge misclassified filings (Docs. 43, 46, 47, 56, 57, 59) as "not motions" to deny rulings; created false record of "untimeliness."; Clerk omitted waiver filings (ECF 7); counsel adopted omission (ECF 13); record distorted. | |
| 7 | **Article III Abdication** | Panel affirmed by nonprecedential mem-op; omitted rulings. (ECF 59, 60) | Judge Leeson denied Plaintiff adjudication (ECF 60,63); clerk displaced Article III function. (ECF 7) | Judge Leeson dismissed from chambers sua sponte, without adversarial process. (ECF 7,9) |
| 8 | **Retaliatory Sanctions** | Sanctions motion weaponized (ECF 48); sanctions pursued after dismissal. (ECF 67-70) | | Judge Leeson injected sua sponte immunity/finality defenses as a shield against Complaint. (ECF 7,9) |
| 9 | **Misconduct Process Fraud** | | Motion to Vacate (ECF 14) cites this systemic misconduct as corroboration. | Judicial Council misclassified complaints; rubber-stamped dismissals; Rule 10 ban imposed; Complaint itself challenged the Rule 10 ban; judge dismissed while himself subject to those complaints. |

17

## CERTIFICATE OF SERVICE

I hereby certify that on this day, I electronically filed the foregoing motion with the Clerk of the Court for the United States Court of Appeals for the Third Circuit using the appellate CM/ECF system. All participants are registered CM/ECF users, and service will be accomplished by the appellate CM/ECF system.

Dated: August 31, 2025

Respectfully submitted,

*/s/ Michael Miller*
Michael Miller
Pro Se Appellant
108 N. Reading Road, F-246
Ephrata, Pennsylvania 17522
reaganfive@protonmail.com
(717) 388-0163