IN THE UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT

| | |
|---|---|
| MICHAEL MILLER<br>*Plaintiff*,<br><br>v.<br><br>JUDICIAL COUNCIL OF THE UNITED STATES COURT OF APPEALS FOR THE THIRD CIRCUIT;<br>JUDGE THOMAS M. HARDIMAN, in his official capacity;<br>JUDGE PATTY SHWARTZ, in her official capacity,<br><br>*Defendants*. | Civ. No: 25-2616<br><br>(DC case: 5:25-cv-04633) |

**APPELLANT'S MOTION FOR CONFIRMATION OF JUDICIAL PANEL AND PRESERVATION OF ARTICLE III ADJUDICATION**

**I. INTRODUCTION**

    This Court cannot lawfully dispose of an appeal without a duly constituted panel of Article III judges. Yet in this case, dispositive scheduling and dismissal threats have been issued solely under the Clerk's name, without any judicial signature. On August 26, 2025, the "Briefing and Scheduling Order" (Doc. 5-2) directed deadlines, threatened dismissal, and prescribed sanctions, but was signed only:

"For the Court, s/ Patricia S. Dodszuweit, Clerk."

No judicial officer authenticated the order. Combined with the district court's sua sponte dismissal within two days—before a summons ever issued—the record shows that this appeal has never involved true opposing parties or authenticated judicial orders. Under *Nguyen v. United States*, 539 U.S. 69 (2003), judgments without judicial participation are void. Under *Hazel-Atlas Glass Co. v. Hartford-Empire Co.*, 322 U.S. 238 (1944), fabricated judicial acts defile the court itself.

Appellant therefore respectfully moves not only for confirmation that a duly constituted Article III panel has been assigned and will sign any disposition, but also for broader structural relief: (1) vacatur of the void district and appellate orders already entered; (2) purge of fraudulent, clerk-issued docket entries; (3) reassignment to a neutral panel designated by the Chief Justice under 28 U.S.C. § 292(d); and (4) imposition of safeguards requiring authentic judicial signatures on all future orders. Only such measures can preserve due process, prevent clerk usurpation, and restore lawful adjudication.

---

## II. GOVERNING RULES AND AUTHORITIES

- **Article III, U.S. Constitution.** Judicial power is vested in judges, not clerks.

- *Nguyen v. United States*, **539 U.S. 69, 77–79 (2003).** A judgment entered by an improperly constituted tribunal is void ab initio.

- *Hazel-Atlas Glass Co. v. Hartford-Empire Co.*, **322 U.S. 238, 246 (1944).** Fraud that fabricates judicial acts "defiles the court itself" and requires vacatur.

- *United States v. Herring*, **424 F.3d 384, 390 (3d Cir. 2005).** Fraud on the court exists where officers of the court corrupt the judicial process.

- **FRCP 11(a).** Every order must be signed by a judge.

- **FRCP 79(a).** The clerk may keep records but cannot substitute for judicial acts.

- **FRCP 4(a)–(c).** A summons must issue and be served to make defendants parties.

- *Goldberg v. Kelly*, **397 U.S. 254, 267–68 (1970).** Due process requires "an opportunity to be heard at a meaningful time and in a meaningful manner."

- *Mathews v. Eldridge*, **424 U.S. 319, 333 (1976).** Due process demands fair procedure before deprivation.

- **3d Cir. L.A.R. 113.5(a).** All court-issued documents must contain a judicial electronic or handwritten signature.

## III. APPLICATION

**A. Clerk-Signed Scheduling Order Demonstrates Usurpation**

The "Briefing and Scheduling Order" (Doc. 5-2) sets deadlines, threatens dismissal for default, and prescribes sanctions. Yet it bears no judicial signature—only the Clerk's name.

**B. Prior Appeal (No. 24-2934) Shows a Systemic Practice**

In Appeal No. 24-2934, this Court's docket reflected a "per curiam" opinion (ECF 59) with no judicial signatures, and a judgment (ECF 60) signed only by the Clerk. Those entries are the subject of Appellant's pending motion to vacate as fraudulent. The recurrence of unsigned orders in this appeal confirms systemic clerk substitution for judicial acts.

**C. Case Manager Confirms Court's Denial of Adversarial Process**

On September 17, the case manager advised Appellant that no appellee brief will be filed, and that the "panel" will decide jurisdiction based solely on Appellant's brief. This posture raises the risk that staff, not judges, will author the disposition—again producing a clerk-signed or unsigned order masquerading as judicial.

**D. No Summons Means No Parties**

The district court dismissed Appellant's complaint sua sponte within two days (Aug. 14, 2025). Because the case was terminated immediately, the Clerk never

issued a summons under FRCP 4. As a result, no defendant was ever served, and no party ever entered an appearance. The "defendants" in the caption are strangers to the record. This means the appeal itself has no true appellee. Any "opposition" comes solely from within the institution, not from an adversary. Article III adjudication cannot occur where the only participant is Appellant, and the opposing voice is staff acting in the name of absent parties.

## IV. DUE PROCESS OBJECTION: A CLOSED, STAFF-RUN PROCESS

Appellant objects to this entire scheme as a denial of due process. The district court dismissed before service of process, depriving Appellant of any adversary. The Clerk of this Court then issued a briefing order under its own name, not under the signature of any judge. The case manager has confirmed that no appellee brief will be filed, leaving Appellant's brief as the sole filing, to be "decided" internally by staff.

This sequence violates the core requirements of *Goldberg v. Kelly* and *Mathews v. Eldridge*: notice, adversarial opportunity to be heard, and adjudication by a neutral judge. Instead, Appellant has been subjected to non-adjudication—dismissal by chambers fiat below, followed by clerk-managed paper processing above. The Constitution does not permit a court to substitute its own clerks and staff in place of Article III judges or adversarial parties.

## V. RELIEF DEMAND

Because adjudication without judicial signatures, without parties, and without adversarial process is not adjudication at all, Appellant respectfully requests that this Court:

1. **Vacate Void District Court Orders.** Vacate the August 14, 2025 dismissal order (ECF 7) and the August 18, 2025 denial order (ECF 9) as void ab initio, since they were entered sua sponte without summons, without recusal resolved, and without jurisdiction.

2. **Vacate Void Appellate Orders.** Vacate the August 26, 2025 "Briefing and Scheduling Order" (Doc. 5-2), and any other clerk-signed or unsigned orders in this appeal, as procedurally defective and void for lack of judicial authentication.

3. **Purge Fraudulent Entries.** Direct the Clerk to strike from the docket any orders, judgments, or memoranda that lack authentic judicial signatures, so that the record reflects only lawful judicial acts.

4. **Confirm Judicial Panel.** Confirm on the record that a duly constituted panel of Article III judges has been assigned to this appeal, and that any disposition will bear authentic judicial signatures as required by 3d Cir. L.A.R. 113.5(a).

5. **Reassign to Neutral Judges.** Because Judges Hardiman and Shwartz are defendants and the Judicial Council is an appellee, direct reassignment to a neutral panel designated by the Chief Justice under 28 U.S.C. § 292(d), ensuring adjudication outside institutional entanglement.

6. **Impose Safeguards.** Enter an order requiring that all future dispositive orders in this appeal:

    - (a) bear the authentic electronic or handwritten signatures of the participating judges; and
    - (b) not be issued or signed solely by the Clerk or staff.

7. **Recognize Structural Nullity if Denied.** Acknowledge that if the Court declines to confirm judicial participation, any judgment entered in this appeal is structurally void and cannot constitute lawful adjudication under *Nguyen* and *Hazel-Atlas*.

Only by these measures can this Court preserve Article III adjudication, purge fraudulent docket entries, and prevent recurrence of the structural defects already documented in Appeal No. 24-2934.

Respectfully submitted,

*/s/ Michael Miller*
Michael Miller
Pro Se Appellant

108 N. Reading Road, F-246  
Ephrata, Pennsylvania 17522  
reaganfive@protonmail.com  
(717) 388-0163

Dated: September 22, 2025

## **<u>CERTIFICATE OF SERVICE</u>**

I hereby certify that on this day, I electronically filed the foregoing motion with the Clerk of the Court for the United States Court of Appeals for the Third Circuit using the appellate CM/ECF system. Appellees and counsel have not appeared and the court does provide summons or allow service.

Respectfully submitted,

*/s/ Michael Miller*
Michael Miller
Pro Se Appellant
108 N. Reading Road, F-246
Ephrata, Pennsylvania 17522
reaganfive@protonmail.com
(717) 388-0163

Dated: September 22, 2025