**Justice Samuel A. Alito, Jr.**
Circuit Justice for the Third Circuit
Supreme Court of the United States
1 First Street, N.E.
Washington, D.C. 20543
**Re:** ***Application to Stay Judgment and for Administrative Stay***

Dear Justice Alito:

Pursuant to Supreme Court Rules 22 and 23, I respectfully submit the enclosed Application for your consideration as Circuit Justice. The Application seeks a stay of the judgment entered by the United States Court of Appeals for the Third Circuit on July 28, 2025, and further requests administrative relief and certiorari before judgment under Rule 11.

In accordance with Rule 22.4, which provides that "a Justice denying an application will note the denial thereon," I have provided a signature block at the end of the Application to facilitate compliance. This is to ensure that any disposition reflects your own judicial act, as required by the Rules, rather than any administrative communication.

**Notice to Clerk's office**:  This application is submitted in compliance with Rule 33.2 and is accompanied by the original and two copies as required by Rule 22.2. Proof of service is provided through a notarized affidavit pursuant to Rule 29.5(c)

Rule 22.1 directs that "an application addressed to an individual Justice shall be filed with the Clerk, who will transmit it promptly to the Justice concerned if an individual Justice has authority to grant the sought relief." Rule 23.2 likewise authorizes a party "to present to a Justice an application to stay the enforcement of that judgment." Under Rules 22 and 23, this Application is addressed to Justice Alito, the Circuit Justice for the Third Circuit. The Clerk's duty is therefore strictly ministerial: to receive, transmit, and notify under Rule 22.6. Questions of jurisdiction, exhaustion, or prematurity under 28 U.S.C. § 2101(f) are for the Circuit Justice, not for the Clerk.

Thank you for your attention to this matter.

Respectfully submitted,

Michael R. Miller
Pro se Applicant

Enclosures: Application, Appendix, Affidavit of Service

# In the Supreme Court of the United States

_____

MICHAEL MILLER

v.

COUNTY OF LANCASTER, ET AL.

_____

**APPLICATION FOR STAY AND VACATUR TO PRESERVE ARTICLE III**

**ADJUDICATION AND FIRST AMENDMENT RIGHTS**

MICHAEL MILLER
Filed Pro Se
108 N. Reading Road, F, 246
Ephrata, Pennsylvania 17522
717-388-0163
reaganfive@protonmail.com

## PARTIES TO THE PROCEEDING

- Applicant: Michael Miller, pro se.

- Respondents: Judicial Council of the Third Circuit; Judge Thomas M. Hardiman (in official capacity); Judge Patty Shwartz (in official capacity).

## RELATED PROCEEDINGS

- *Miller v. Judicial Council*, No. 5:25-cv-4633 (E.D. Pa.), dismissed Aug. 14, 2025 (ECF 7), denial of reconsideration Aug. 18, 2025 (ECF 9).

- *Miller v. Judicial Council*, No. 25-2616 (3d Cir.), pending appeal; clerk-issued scheduling order (Doc. 5-2, Aug. 26, 2025).

- *Miller v. County of Lancaster*, No. 1:24-cv-14 (M.D. Pa.); appeal No. 24-2934.

- *Miller v. County of Lancaster*, No. 5:24-cv-5338 (E.D. Pa.); appeal No. 25-2570.

## INTRODUCTION

This case asks whether Article III courts may replace judicial adjudication in E.D. Pa. No. 5:25-cv-04633 with chambers-only dismissals and clerk-signed directives, and whether the Judicial Council of the Third Circuit may enforce a ban on Applicant's right to file judicial-conduct complaints without statutory authority or constitutional limits.

In *Trump v. Slaughter*, No. 25A264 (Sept. 22 2025), this Court granted certiorari before judgment to resolve a structural separation-of-powers conflict in which lower courts had curtailed the President's Article II removal authority. The same supervisory necessity arises here, but on the Article III side of the constitutional divide: lower courts have displaced the judicial power itself by allowing clerk-signed papers and chambers-only decrees to stand as judgments of law. Both controversies involve institutional breakdowns that threaten a coordinate branch's constitutional function, making immediate review imperative under Rule 11.

The proceedings below were not adjudication at all, but a chain of counterfeit acts. The district court dismissed Applicant's complaint *sua sponte* within two days of filing, before summons issued, and denied recusal in a footnote while invoking statutory "finality" provisions that collapse merits and jurisdiction. On reconsideration, the court expanded its ruling to § 357(c)'s "unqualified bar," recast constitutional claims as jurisdictionally barred, and *sua sponte* invoked judicial

immunity. The district court thus foreclosed both statutory and constitutional review, leaving the Council's filing ban (App. 63) in place.

On appeal, the only dispositive order to date—the "Briefing and Scheduling Order" (Doc. 5-2; App. 56)—was signed only by the Clerk of Court, not by any judge. The case manager confirmed that no appellee brief will be filed and that jurisdiction will be decided internally by staff. With no opposing party, no hearings, and no authentic judicial signatures, this appeal has never involved lawful Article III participation.

Because counterfeit adjudication cannot substitute for Article III adjudication—and because the Council's Rule 10 restriction operates as an ultra vires and retaliatory prior restraint on protected petitioning—Applicant seeks this Court's intervention under Rules 22, 23, and 11 to stay enforcement of clerk-signed orders, vacate void judgments, grant certiorari before judgment, and exercise supervisory authority to restore lawful adjudication and directly resolve the constitutionality of the filing ban.

## STATEMENT

**District Court (E.D. Pa. No. 5:25-cv-4633).** On August 12, 2025, Applicant filed a complaint seeking declaratory and injunctive relief for ultra vires acts by the Judicial Council of the Third Circuit and related officials (ECF 1; App. 1). The complaint challenged Council orders imposing a blanket filing ban as ultra vires and unconstitutional. The next day, Applicant moved for recusal of the Eastern District bench or transfer outside the circuit under 28 U.S.C. § 455 (ECF 3; App. 29)

and moved for a preliminary injunction to halt enforcement of the filing ban. (ECF 4)

On August 14, 2025—within two days of filing and before any summons issued—the district court dismissed sua sponte for lack of subject-matter jurisdiction under Rule 12(h)(3), invoking § 352(c) (ECF 7; App. 39). In a footnote, the district court denied recusal. Applicant promptly moved to alter or amend (ECF 8; App. 42), invoking *Leedom v. Kyne* and *Webster v. Doe* to preserve review of ultra vires and constitutional claims. On August 18, the court denied reconsideration (ECF 9; App. 53), expanded its rationale to § 357(c)'s "unqualified" bar to judicial review, recast constitutional claims as jurisdictionally barred, and added judicial immunity sua sponte. No adversary had been served; no hearing was convened; all orders issued from chambers.

**Court of Appeals (3d Cir. No. 25-2616).** Applicant noticed appeal on August 19, 2025 (Doc. 10). On August 26, the Clerk issued a "Briefing and Scheduling Order" (Doc. 5-2; App. 56) threatening dismissal and sanctions but signed only "s/ Patricia S. Dodszuweit, Clerk." On September 17, the case manager confirmed that no appellee brief will be filed and that jurisdiction will be decided internally by staff. Thus, the appellate record mirrors the district court: no parties, no adversarial presentation, and no authentic judicial signatures.

**Systemic Pattern.** These defects replicate those in Applicant's other appeals (Nos. 24-2934 and 25-2570) and are summarized in the Device Matrix (App. 60).

The Judicial Council's filing ban—the predicate for the complaint—is appended for
context (App. 63).

## ARGUMENT

### 1. The Court Should Grant a Stay

### a. Likelihood of Success.

A stay requires a strong likelihood of success. *Ohio v. EPA*, 603 U.S. 279, 292
(2024). Article III requires adjudication by impartial judges, not clerks. *Nguyen v.
United States*, 539 U.S. 69, 77–79 (2003). Jurisdiction cannot be collapsed into
merits. *Bell v. Hood*, 327 U.S. 678, 681–82 (1946); *Mortensen v. First Fed. S&L*, 549
F.2d 884, 891 (3d Cir. 1977); *Constitution Party of Pa. v. Aichele*, 757 F.3d 347, 357
(3d Cir. 2014). Constitutional claims remain reviewable absent a clear statement.
*Zwickler v. Koota*, 389 U.S. 241, 254 (1967); *Webster v. Doe*, 486 U.S. 592, 603
(1988); *Boumediene v. Bush*, 553 U.S. 723, 779 (2008). Recusal must precede merits.
*Liljeberg v. Health Servs.*, 486 U.S. 847, 860 (1988); *Williams v. Pennsylvania*, 579
U.S. 1, 8–9 (2016).

The district court dismissed before service (ECF 7; App. 39), denied recusal in
fn.2 (ECF 7), expanded to § 357(c)'s "unqualified bar" (ECF 9; App. 53), and added
judicial immunity sua sponte (ECF 9). The only appellate directive is clerk-signed,
not judicial (Doc. 5-2; App. 56, in violation of FRAP 36, FRAP 45(b), and Third
Circuit L.A.R. 31.2. These defects — no service, recusal denial, statutory overreach,
sua sponte immunity, and clerk usurpation — are each structural errors under *Bell*,

*Zwickler*, *Webster*, *Boumediene*, *Liljeberg*, and *Nguyen*. Likelihood of success is therefore categorical.

## b. Irreparable Harm.

Denial of Article III adjudication is irreparable. *Nguyen*, 539 U.S. at 77. Due process requires notice and adversarial participation. *Goldberg v. Kelly*, 397 U.S. 254, 267 (1970). First Amendment retaliation and prior restraints likewise constitute irreparable harm. *Elrod v. Burns*, 427 U.S. 347, 373 (1976).

Applicant was denied service (ECF 7; App. 39), recusal (ECF 3; App. 29), adversary briefing (case manager confirmed no appellee brief), and judicial signatures (Doc. 5-2; App. 56). These harms cannot be cured later.

## c. Balance of Equities.

Equities favor preserving constitutional rights over perpetuating fraudulent judgments. *Hazel-Atlas Glass Co. v. Hartford-Empire Co.*, 322 U.S. 238, 246 (1944). Respondents lose nothing from lawful adjudication. Applicant loses his right to petition and judicial process if clerk-signed orders stand (ECF 7; App. 39; ECF 9; App. 53; Doc. 5-2; App. 56). Equities collapse entirely in Applicant's favor.

## d. Public Interest.

The public has a vital interest in judicial legitimacy and First Amendment freedoms. *Grosjean v. Am. Press Co.*, 297 U.S. 233, 250 (1936); *Capital Cities Media v. Chester*, 797 F.2d 1164, 1167 (3d Cir. 1986). The Complaint (ECF 1; App. 1) challenges the Judicial Council's filing ban as a retaliatory prior restraint (App. 63). Counterfeit adjudication — clerk-signed orders and dismissal before service —

corrodes confidence in Article III courts. Public interest demands both vacatur of counterfeit judgments and supervisory adjudication of the filing ban.

## 2. Supervisory Authority and Vacatur

Federal courts may vacate judgments that are void or defiled by fraud on the court. *Hazel-Atlas*, 322 U.S. at 246; *Universal Oil Prods. v. Root Refining Co.*, 328 U.S. 575, 580 (1946). A judgment without Article III participation is a nullity. *Nguyen*, 539 U.S. at 77–79. Fraud on the court is structural and not subject to harmless-error analysis. *Herring v. United States*, 424 F.3d 384, 386–87 (3d Cir. 2005). Recusal errors are structural and require vacatur. *Liljeberg*, 486 U.S. at 860; *Caperton v. A.T. Massey Coal Co.*, 556 U.S. 868, 876–77 (2009). Clerk-signed papers do not qualify as judicial judgments under FRAP 36 and Fed. R. Civ. P. 11(a). The August 14 dismissal (ECF 7; App. 39) is void because it came before service and denied recusal in fn.2. The August 18 denial (ECF 9; App. 53) is void because it expanded to § 357(c)'s "unqualified bar," extinguished constitutional claims, and added immunity sua sponte. The August 26 appellate order (Doc. 5-2; App. 56) is void because it was signed only by the Clerk.

Each defect — no service, recusal denial, statutory overreach, sua sponte immunity, clerk usurpation — independently requires vacatur. Collectively, they replicate the systemic fraud devices documented in the Device Matrix (App. 60). Because counterfeit adjudication cannot be laundered into legitimacy, these orders must be purged from the record.

### 3. Certiorari Before Judgment

This Court may grant certiorari before judgment when a case is of such "imperative public importance" that deviation from normal appellate practice is warranted. Sup. Ct. R. 11. Structural defects that displace Article III adjudication satisfy that standard. *Nguyen v. United States*, 539 U.S. 69, 77–79 (2003). Fraud on the court defiles the judicial process itself and requires intervention. *Hazel-Atlas Glass Co. v. Hartford-Empire Co.*, 322 U.S. 238, 246 (1944). Constitutional claims cannot be extinguished without a clear statement. *Zwickler v. Koota*, 389 U.S. 241, 254 (1967); *Webster v. Doe*, 486 U.S. 592, 603 (1988); *Boumediene v. Bush*, 553 U.S. 723, 779 (2008).

This case presents the threshold question whether clerk-signed directives and chambers-only rulings can lawfully substitute for Article III adjudication. The district court dismissed before service and invoked § 352(c) "finality" (ECF 7; App. 39), then declared § 357(c) an "unqualified bar" while extinguishing constitutional claims and adding immunity *sua sponte* (ECF 9; App. 53). The court of appeals relied on a clerk-signed scheduling order, not judicial action (Doc. 5-2; App. 56). Each step displaced the judicial power the Constitution vests in judges, not clerks.

These defects—absence of service, recusal denial, statutory overreach, and clerk usurpation—replicate the systemic fraud devices documented in the Device Matrix (App. 60). They raise the core question whether federal courts may lawfully displace judicial decision-making with counterfeit procedures. That question goes to

the legitimacy of Article III adjudication itself, satisfying Rule 11's "imperative public importance" standard. *Nguyen*, 539 U.S. at 77–79.

The issue also implicates the First Amendment: the Judicial Council's filing ban (App. 63) operates as a retaliatory prior restraint on petitioning and obstructs election-related transparency. *Bantam Books v. Sullivan*, 372 U.S. 58 (1963); *McDonald v. Smith*, 472 U.S. 479 (1985). Remand would be futile, as the same officers and staff would preside again.

Because counterfeit adjudication and retaliatory restraints threaten both structural legitimacy and fundamental rights, this Court's immediate intervention is necessary under Rule 11. The entrenched record across all three appeals confirms that no functioning tribunal exists in the Third Circuit. The systemic use of clerk-signed orders, denial of recusal, and chambers-only fiat has displaced Article III adjudication. When the judiciary's structural integrity itself is at stake, review is not discretionary but imperative.

**Comparative Context — Supervisory Parallel.** In *Trump v. Slaughter*, No. 25A264 (Sept. 22 2025), the Court treated a Rule 23 stay application as a petition for certiorari before judgment because recurring lower-court resistance presented a structural, not factual, question of constitutional authority. As in *Slaughter*, systemic resistance here has produced an institutional breakdown of imperative public importance. Only this Court's direct review under Rule 11 can restore lawful adjudication and hierarchical integrity within the federal judiciary.

## RELIEF REQUESTED

Because the docket reflects counterfeit adjudication—district court orders entered before service of process and clerk-signed directives in the court of appeals—Applicant respectfully requests that this Court:

1. **Stay Enforcement (Rule 23; 28 U.S.C. § 2101(f)).** Stay the August 14, 2025 dismissal order (*ECF 7; App. 20*), the August 18, 2025 denial order (*ECF 9; App. 53*), and the August 26, 2025 appellate "Briefing and Scheduling Order" (*Doc. 5-2; App. 56*).

2. **Administrative Stay (Rule 23.3).** Enter an immediate interim stay to preserve the status quo while this Court considers this Application.

3. **Vacatur of Counterfeit Entries.** Vacate and purge the August 14 dismissal (*ECF 7; App. 39*), the August 18 denial (*ECF 9; App. 53*), and the August 26 clerk-signed order (*Doc. 5-2; App. 56*) as void ab initio, together with any other entries lacking authentic judicial signatures.

4. **Certiorari Before Judgment (Rule 11).** Treat this Application as a petition for a writ of certiorari before judgment and grant it to resolve questions of imperative public importance concerning whether clerk-issued directives and counterfeit judgments may substitute for Article III adjudication.

5. **Supervisory Adjudication.** Exercise this Court's supervisory authority to decide the constitutional questions directly, including the validity of the Judicial Council's filing ban (*App. 63*), as remand would be futile given that

the same officers who engineered the fraud would preside again (*see Device Matrix; App. 60*).

6. **Other Relief.** Grant such other relief as may be just and proper to restore lawful adjudication, ensure compliance with due process and adversarial briefing obligations, and purge fraud from the judicial record.

November 4, 2025

_____

Michael Miller, *Pro Se*
108 N. Reading Road, F-246
Ephrata, Pennsylvania 17522
(717) 388-0163
reaganfive@protonmail.com

## CERTIFICATE OF COMPLIANCE

This filing contains 2,205 words as determined by the word-processing system used to prepare it.

Respectfully Submitted,

_____

_____    Michael Miller

## AFFIDAVIT OF SERVICE

I, Michael Miller, declare as follows:

1. I am the Applicant in this matter, proceeding pro se.

2. On _____, I served true and correct copies of the following

   filings:

   > APPLICATION FOR STAY, VACATUR, AND CERTIORARI BEFORE
   > JUDGMENT TO PRESERVE ARTICLE III ADJUDICATION AND FIRST
   > AMENDMENT RIGHTS.

3. Service was made by e-filing with the Clerk of the Court for the United

   States Court of Appeals for the Third Circuit using the appellate CM/ECF

   system. All participants are registered CM/ECF users, and service will be

   accomplished by the appellate CM/ECF system.

4. I declare under penalty of perjury under the laws of the United States of

   America that the foregoing is true and correct.

Executed on _____, at Ephrata, Pennsylvania.

_____

Michael Miller, Applicant

# DISPOSITION BY CIRCUIT JUSTICE

*(Supreme Court Rule 22.4)*

A Justice denying an application will note the denial thereon.

☐ Granted

☐ Denied

☐ Referred to the Court

_____

Justice Samuel A. Alito, Jr.

Circuit Justice for the Third Circuit

Date: _____