IN THE UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT

| | |
|---|---|
| MICHAEL MILLER<br>*Plaintiff*,<br><br>v.<br><br>JUDICIAL COUNCIL OF THE UNITED STATES COURT OF APPEALS FOR THE THIRD CIRCUIT;<br>JUDGE THOMAS M. HARDIMAN, in his official capacity;<br>JUDGE PATTY SHWARTZ, in her official capacity,<br><br>*Defendants*. | Civ. No: 25-2616<br><br>(DC case: 5:25-cv-04633) |

**APPELLANT'S OBJECTION TO CLERK-SIGNED ORDERS (ECF 13 AND ECF 15) AND MOTION FOR VACATUR, AUTHENTICATION OF JUDICIAL PANEL, RECUSAL RULINGS, AND REASSIGNMENT**

Appellant Michael Miller respectfully submits this Objection and Motion under FRAP 27 and 3d Cir. L.A.R. 27.0–27.6. ECF 13 and ECF 15 exercise adjudicative authority without judicial signatures, direct dispositive procedure without judicial authorization, assign a structurally conflicted panel while recusal motions remain unresolved, and eliminate adversarial participation. These actions conflict with Article III, 28 U.S.C. § 455, 28 U.S.C. § 292(d), L.A.R. 113.5(a),

1

L.A.R. 113.9, FRAP 36, and FRAP 45(b). Appellant therefore seeks vacatur of ECF 13 and ECF 15 and confirmation of a lawfully constituted judicial panel.

This filing is necessarily detailed because the Court's actions are themselves extensive and irregular. The assignments, signatures, panel designations, and dispositive procedures reflected in ECF 13 and ECF 15—and repeated in Appeals 24-2934 and 25-2570—are opaque, unsigned, and administrative rather than judicial. The breadth of the objections corresponds to the breadth of the structural defects that must be preserved for review.

## 1. CLERK-SIGNED ORDERS CANNOT CONSTITUTE ARTICLE III ADJUDICATION

*(Structural Nullity: No Judicial Signatures, No Court Under Nguyen)*

ECF 13 and ECF 15 perform core judicial functions—panel identification, routing of dispositive motions, scheduling of disposition, and determination of argument posture—yet neither document bears any Article III judge's signature. L.A.R. 113.5(a) requires judicial signatures on court-issued documents, and FRAP 36 requires judgments to be entered under judicial direction.

The signature blocks on ECF 13 and ECF 15 do not satisfy either requirement. ECF 15 contains only a scanned image of the Clerk's handwritten signature and an additional signature line from a calendar clerk. No rule authorizes

2

clerks to authenticate judicial orders, to determine dispositive posture, or to sign orders "For the Court." FRAP 45(b) restricts clerks to ministerial tasks and prohibits clerk action "on behalf of the Court" absent rule or judicial authorization. No rule authorizes a clerk to assign a panel, determine submission without argument, or route a dispositive motion. Under *Nguyen v. United States*, 539 U.S. 69 (2003), a tribunal acting without duly appointed judges is not a lawful Article III court. Under *Hazel-Atlas Glass Co. v. Hartford-Empire Co.*, 322 U.S. 238 (1944), non-judicial acts presented as judicial acts require vacatur.

Because no judge authenticated ECF 13 or ECF 15, these documents cannot constitute valid exercises of judicial power.

## 2. THE PANEL IDENTIFIED IN ECF 15 IS STATUTORILY DISQUALIFIED

*(Structural Conflict Under § 455(b)(5)(i) and Kensington)*

ECF 15 assigns Judges Krause, Phipps, and Scirica as the panel that will decide this appeal. Each judge has institutional entanglements with the administrative practices challenged in this case. Judge Krause participated in Judicial Council actions involving banning Appellant from filing judicial misconduct complaints. Judges Krause and Phipps adjudicated the earlier appeal

giving rise to Appellant's misconduct filings. Judge Scirica has ties to the Judicial Council's administrative operations.

These connections create structural entanglement triggering mandatory disqualification under 28 U.S.C. § 455(b)(5)(i) and appearance-based disqualification under § 455(a). *In re Kensington Int'l Ltd.*, 368 F.3d 289 (3d Cir. 2004), holds that structural entanglement—not subjective bias—requires recusal. *Liljeberg v. Health Services Acquisition Corp.*, 486 U.S. 847 (1988), requires vacatur where recusal issues remain unresolved. ECF 15 does not adjudicate Appellant's Recusal Motion (ECF 8) and cannot operate as a denial because only judges may resolve recusal.

Any adjudicative participation by the conflicted panel is therefore void.

## 3. SUBMISSION "ON APPELLANT'S BRIEF ONLY" ELIMINATES THE ADVERSARIAL PROCESS REQUIRED FOR JUDICIAL REVIEW
*(Constitutionally Invalid Procedure Under Goldberg, Mathews, and Article III)*

ECF 15 directs that the appeal be submitted "on appellant's brief only," without oral argument and without appellee participation. The district court issued no summons, no defendant has appeared, and the Clerk previously confirmed that no appellee brief will be filed. ECF 15 repeats the same structural defect:

4

adjudication without adversarial participation and without judicial review of the controversy.

This violates *Goldberg v. Kelly*, 397 U.S. 254 (1970), *Mathews v. Eldridge*, 424 U.S. 319 (1976), and the Article III requirement of adverse parties. L.A.R. 34.1(a) reserves decisions regarding oral argument to the judicial panel, not clerks or staff. No appeal can be lawfully resolved on the merits when no opposing party has appeared and no Article III judge has evaluated the controversy.

## 4. ECF 13 AND ECF 15 DEMONSTRATE CLERK USURPATION OF ADJUDICATIVE POWER

*(Ultra Vires Administrative Substitution for Judicial Functions Under Hazel-Atlas and Herring)*

ECF 13 refers a dispositive structural motion to a "merits panel" without judicial signature and declares that the panel is "constituted" upon completion of briefing. ECF 15 assigns judges, sets submission posture, and dictates the absence of argument while all recusal and panel-authentication issues remain unresolved. These documents show that staff, not judges, are controlling dispositive procedure.

FRAP 27(c) and L.A.R. 27.5–27.6 prohibit clerks from acting on dispositive motions. L.A.R. 113.9 restricts signature authority to the Filing User authorized to sign the judicial order. Under *Herring v. United States*, 424 F.3d 384 (3d Cir.

2005), interference by non-judicial personnel that prevents judges from performing adjudicative duties constitutes fraud on the court. ECF 13 and ECF 15 therefore violate Article III by substituting administrative action for judicial adjudication.

## 5. PRIOR APPELLATE PATTERNS CONFIRM A SYSTEMIC STRUCTURAL BREAKDOWN

*(Recurring Use of Unsigned Dispositions and Clerk-Driven Directives in 24-2934 and 25-2570)*

The defects reflected in ECF 13 and ECF 15 are not isolated. Appeal No. 24-2934 followed the same pattern: an unsigned "PER CURIAM — NOT PRECEDENTIAL" memorandum authenticated only by the Clerk; a judgment lacking judicial signatures; no findings of fact; no conclusions of law addressing jurisdiction or procedural posture; and no disposition of Appellant's rehearing petition for more than 120 days. The absence of judicial signatures, adversarial participation, and reasoned analysis in that appeal demonstrates that the adjudicative method reflected here is systemic, not accidental.

Appeal No. 25-2570 confirms the same method. In that docket, the Clerk issued dispositive directives that exceeded ministerial authority, including a "jurisdictional defect" notice that omitted dispositive filings and advanced positions inconsistent with FRAP 45(b) and controlling Third Circuit authority.

6

Appellees' counsel adopted those staff-generated positions verbatim, repeating the laundering of clerk assertions into the adversarial record seen in 24-2934. The sequence—district-court abdication, clerk-issued dispositive actions, and counsel's repetition of ultra vires staff directives—reproduced every material defect present here.

The recurrence of these practices across multiple appeals confirms that the deficiencies in ECF 13 and ECF 15 arise from a systemic structural breakdown, not a clerical oversight. The pattern underscores the need for verified judicial participation, authentic judicial signatures, and reasoned adjudication in this case.

## 6. ANY FUTURE UNSIGNED "PER CURIAM" OR NON-PRECEDENTIAL DISPOSITION WOULD BE VOID

*(Prospective Structural Objection Under Article III, FRAP 36, and L.A.R. 113.5(a))*

Appellant objects prospectively to any disposition—whether styled as a "per curiam," "non-precedential," "judgment," or otherwise—that lacks judicial signatures or is issued while recusal and panel-authentication motions remain unresolved. Any such disposition would violate FRAP 36, FRAP 45(b), L.A.R. 113.5(a), and the structural requirements of *Nguyen*, *Hazel-Atlas*, *Herring*, and *Liljeberg*. A clerk-signed judgment or an unsigned "per curiam" memorandum

cannot constitute Article III adjudication and would be void for want of judicial participation. Appellant therefore preserves all objections to any such disposition, which—given the irregularities in 24-2934 and 25-2570—would raise serious concerns about non-judicial authorship and the denial of meaningful appellate review.

## 7. A SIGNED, REASONED, AND PRECEDENTIAL DECISION WITH FINDINGS OF FACT AND CONCLUSIONS OF LAW IS REQUIRED UNDER ARTICLE III

*(Necessary to Prevent Recurrence of the 24-2934 Defects and to Ensure a Reviewable Judgment)*

To prevent recurrence of the deficiencies in 24-2934, Appellant demands that any disposition in this appeal take the form of a signed, reasoned, and precedential decision containing express findings of fact and conclusions of law. Article III requires the Court to identify the adjudicators, articulate the governing legal standards, apply those standards to the record, and issue a disposition that permits meaningful en banc and certiorari review.

The unsigned "PER CURIAM — NOT PRECEDENTIAL" memorandum in 24-2934 (ECF 59) contained no findings of fact, no conclusions of law resolving jurisdictional or procedural issues, and no judicial signatures, leaving no record

suitable for appellate or Supreme Court review. That structural failure cannot recur here. Accordingly, Appellant demands that any disposition include:

- authentic judicial signatures identifying each participating judge;
- findings of fact resolving the material factual issues raised;
- conclusions of law applying—at minimum—*Nguyen*, *Hazel-Atlas*, *Herring*, *Goldberg*, *Mathews*, *Kensington*, *Liljeberg*, *Steel Co.*, *Zwickler*, *Kelly*, *Reifer*, *Mortensen*, *Long Branch*, and *Chenery*;
- clear adjudication of the pending Recusal Motion (ECF 8) and Motion for Confirmation of Judicial Panel (ECF 12); and
- a transparent and reasoned basis sufficient for en banc and certiorari review.

Any disposition lacking these elements would repeat the structural defects of 24-2934 and again deprive Appellant of Article III adjudication and meaningful review.

## 8. AN EVIDENTIARY ARTICLE III HEARING IS REQUIRED TO DETERMINE JUDICIAL PARTICIPATION IN APPEALS 24-2934, 25-2570, AND 25-2616

*(Judicial Participation Is a Jurisdictional Fact Under Nguyen, Requiring Live Testimony Under FRCP 43(c) and Mortensen)*

Because the identity and participation of adjudicators is a jurisdictional fact under *Nguyen v. United States*, 539 U.S. 69, 77–79 (2003), Appellant demands an in-person Article III evidentiary hearing to determine which judges, if any, authored, reviewed, or participated in the dispositions in Appeal Nos. 24-2934, 25-2570, and 25-2616. Jurisdictional fact disputes cannot be resolved through paper-only review. See *Land v. Dollar*, 330 U.S. 731, 735 & n.4 (1947); *Mortensen v. First Fed. Sav. & Loan Ass'n*, 549 F.2d 884, 891–92 (3d Cir. 1977). FRCP 43(c) likewise requires the Court to take testimony when a motion depends on facts outside the existing record.

Whether Article III judges participated in these matters—including the unsigned "PER CURIAM" memorandum in 24-2934 and the clerk-directed procedures in 25-2570—is a material factual dispute that cannot be adjudicated through the same opaque, paper-only process that produced those irregularities. A hearing is the only means to create a record adequate for review and to ensure that judicial power has been exercised by constitutionally authorized judges.

Any disposition issued without first resolving these jurisdictional facts in a live hearing would violate *Nguyen*, *Mortensen*, FRCP 43(c), and due process, rendering the resulting judgment structurally defective and void.

## 9. REQUEST FOR RELIEF

Appellant respectfully requests that the Court:

1. Vacate ECF 13 and ECF 15 as void for lack of judicial signature and for exercising judicial authority contrary to Article III, FRAP 36, FRAP 45(b), and L.A.R. 113.5(a).

2. Adjudicate Appellant's Recusal Motion (ECF 8) and disqualify the structurally conflicted panel identified in ECF 15 under 28 U.S.C. § 455(a) and § 455(b)(5)(i).

3. Adjudicate Appellant's Motion for Confirmation of Judicial Panel (ECF 12) and authenticate—through an in-person hearing—the identity and participation of Article III judges in Appeals 24-2934, 25-2570, and 25-2616.

4. Reassign the appeal under 28 U.S.C. § 292(d).

5. Require judicial signatures on all future orders as mandated by L.A.R. 113.5(a).

6. Grant any additional structural relief necessary to preserve Article III adjudication.

7. Require the Court to issue a signed, reasoned disposition adjudicating all pending structural motions—including ECF 8, ECF 12, and the request for an evidentiary hearing—before taking any further action on the merits, as

required by 28 U.S.C. § 455, *Nguyen*, *Liljeberg*, and the jurisdiction-first doctrine.

Respectfully submitted,

*/s/ Michael Miller*
Michael Miller
Pro Se Appellant
108 N. Reading Road, F-246
Ephrata, Pennsylvania 17522
reaganfive@protonmail.com
(717) 388-0163

November 14, 2025

## **CERTIFICATE OF SERVICE**

Since Appellees have not appeared in this case and the proceedings are non-adversarial, I hereby certify that on this day, I electronically filed the foregoing motion with the Clerk of the Court for the United States Court of Appeals for the Third Circuit using the appellate CM/ECF system. All participants are registered CM/ECF users, and service will be accomplished by the appellate CM/ECF system.

Respectfully submitted,

*/s/ Michael Miller*
Michael Miller
Pro Se Appellant
108 N. Reading Road, F-246
Ephrata, Pennsylvania 17522
reaganfive@protonmail.com
(717) 388-0163

Dated: November 14, 2025