IN THE UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT

| | |
|---|---|
| MICHAEL MILLER<br>*Plaintiff*,<br><br>v.<br><br>JUDICIAL COUNCIL OF THE UNITED STATES COURT OF APPEALS FOR THE THIRD CIRCUIT;<br>JUDGE THOMAS M. HARDIMAN, in his official capacity;<br>JUDGE PATTY SHWARTZ, in her official capacity,<br><br>*Defendants*. | Civ. No: 25-2616<br><br>(DC case: 5:25-cv-04633) |

**SUPPLEMENTAL OBJECTION REGARDING VIOLATION OF IOP CHAPTER 11 (MANDATORY JUDICIAL RECUSAL SCREENING)**

Appellant Michael Miller respectfully submits this supplemental objection for the limited purpose of preserving a distinct structural defect that has not been raised in Appellant's prior filings (ECF 12 and ECF 16). This supplemental objection concerns the Court's violation of Internal Operating Procedure Chapter 11, which requires mandatory, judge-performed recusal screening before a case may be sent to any panel.

1

This issue arises from a separate rule, imposes a separate judicial duty, and produces a separate structural-nullity defect independent of the signature, panel-conflict, and clerk-usurpation issues previously preserved.

---

## 1. IOP 11 Imposes a Mandatory, Non-Delegable Judicial Duty Before Any Panel May Be Formed

IOP 11.1.1 states:

> *"Before cases are sent to a panel, the clerk transmits copies of the docket sheets and disclosure statements to each judge, who responds promptly informing the clerk of those cases in which the judge is recused."*

IOP 11.1.2 requires each judge to submit written recusal circumstances.

These provisions create two mandatory requirements:

> (1) Every judge must personally perform recusal screening before a case is sent to a panel.

> (2) The clerk cannot send a case to a panel until every judge has completed this process.

Recusal screening is a judicial act. It cannot be delegated to clerical personnel. It must be completed first, and only then may the Court proceed to panel formation under IOP Chapter 3.

---

## 2. Appellant Filed a Formal Recusal Motion (ECF 8), Triggering Mandatory § 455 and IOP 11 Procedures

ECF 8 requested recusal of all judges of this Court under 28 U.S.C. § 455(a) and § 455(b)(5)(i). Upon that filing:

(a) Every judge was required to evaluate recusal under § 455;

(b) IOP 11.1.1 required recusal review **before** any panel could be constituted;

(c) No adjudicative action could occur until judges personally completed that required review.

No judge has acted on ECF 8, signed any order, acknowledged the recusal request, or performed any part of the mandatory IOP 11 screening process.

---

## 3. Despite This Mandatory Judicial Duty, Clerk-Signed Documents Purported to Assign a Panel and Route the Recusal Motion

After Appellant filed ECF 8:

(a) **ECF 13**, signed solely by the Clerk, purported to route the recusal motion to a "merits panel" and declared that the panel "is constituted upon completion of briefing."

(b) **ECF 15**, signed by the Clerk and a calendar clerk, purported to assign

    Judges Krause, Phipps, and Scirica as the panel and to determine submission without argument.

Both documents were issued:

- without judicial signatures required by L.A.R. 113.5(a);
- without judicial recusal screening required by IOP 11.1–11.2;
- while ECF 8 remained unresolved;
- without any Article III participation.

Because IOP 11.1 expressly forbids sending a case "to a panel" before judges complete recusal review, ECF 13 and ECF 15 were issued in violation of the Court's own mandatory procedures and cannot create or assign any lawful panel.

---

### 4. A Panel Formed Without IOP 11 Recusal Screening Is Not a Panel of the Court Under IOP Chapter 3

IOP Chapter 3 governs lawful panel constitution.

Panel formation presupposes that:

(1) judges have completed recusal screening under IOP 11;

(2) judges have determined their eligibility to sit;

(3) judges have authorized the assignment.

Because none of these prerequisites occurred, any "panel" identified in ECF 13 or ECF 15:

4

- was not formed by judges;
- did not follow IOP 11;
- is not valid under IOP 3;
- and has no lawful adjudicative power.

Under *Nguyen v. United States*, 539 U.S. 69 (2003), a tribunal not lawfully constituted is not a court, and its judgments are void. Under *Liljeberg v. Health Services Acquisition Corp.*, 486 U.S. 847 (1988), failure to resolve recusal before adjudication is structural error requiring vacatur.

---

**5. Relief Requested**

Appellant respectfully preserves this separate structural defect and requests that the Court:

1. Recognize that ECF 13 and ECF 15 violate IOP 11.1–11.2 because they assign a panel before mandatory judicial recusal screening occurred.
2. Acknowledge that no lawful judicial panel exists in this appeal until the Court completes mandatory recusal review of ECF 8.
3. Vacate any panel assignment or dispositive procedure predicated on ECF 13 or ECF 15.
4. Resolve Appellant's Recusal Motion (ECF 8) in accordance with § 455 and IOP 11 before taking further action.

5. Confirm and authenticate a lawfully constituted panel of Article III judges only after recusal screening is complete.

Respectfully submitted,

*/s/ Michael Miller*
Michael Miller
Pro Se Appellant
108 N. Reading Road, F-246
Ephrata, Pennsylvania 17522
reaganfive@protonmail.com
(717) 388-0163

November 14, 2025

## **CERTIFICATE OF SERVICE**

Since Appellees have not appeared in this case and the proceedings are non-adversarial, I hereby certify that on this day, I electronically filed the foregoing motion with the Clerk of the Court for the United States Court of Appeals for the Third Circuit using the appellate CM/ECF system. All participants are registered CM/ECF users, and service will be accomplished by the appellate CM/ECF system.

Respectfully submitted,

*/s/ Michael Miller*
Michael Miller
Pro Se Appellant
108 N. Reading Road, F-246
Ephrata, Pennsylvania 17522
reaganfive@protonmail.com
(717) 388-0163

Dated: November 14, 2025