**NOT PRECEDENTIAL**

UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT

_____

No. 25-2616

_____

MICHAEL MILLER,
                                        Appellant

v.

JUDICIAL COUNCIL OF THE UNITED STATES COURT
OF APPEALS FOR THE THIRD CIRCUIT; JUDGE
THOMAS M. HARDIMAN, In His Official Capacity; JUDGE
PATTY SHWARTZ, In Her Official Capacity

_____

On Appeal from the United States District Court
for the Eastern District of Pennsylvania
(D.C. Civil Action No. 5:25-cv-04633)
District Judge:  Honorable Joseph F. Leeson, Jr.

_____

Submitted Pursuant to Third Circuit LAR 34.1(a)
December 4, 2025

Before:  KRAUSE, PHIPPS, and SCIRICA, <u>Circuit Judges</u>

(Opinion filed: April 22, 2026)

_____

OPINION[*]

_____

---

[*] This disposition is not an opinion of the full Court and pursuant to I.O.P. 5.7 does not constitute binding precedent.

PER CURIAM

Michael Miller appeals from an order dismissing his complaint. We will affirm.

### I.

Miller has filed pro se several election-related lawsuits and appeals in this Circuit. Dissatisfied with the results thus far, he filed eleven judicial-misconduct complaints. After those proceedings concluded, he filed pro se the civil action at issue here seeking in essence to collaterally challenge the outcome of those proceedings. Toward that end, he named as defendants the Judicial Council of this Circuit and two of its member judges, and he alleged that various of their rulings violated the governing statutes. He also asserted what he called a "conditional" claim that, if the rulings were statutorily authorized, then the statutes violate the First Amendment as applied to him.

The District Court sua sponte dismissed Miller's complaint for lack of subject-matter jurisdiction. Miller then filed a timely motion under Fed. R. Civ. P. 59(e), which the court denied. In its orders, the court held that 28 U.S.C. §§ 352(c) and 357(c) divested it of jurisdiction over Miller's challenges to the orders entered in his judicial-misconduct proceedings and that the court otherwise lacked a basis to review the defendants' alleged conduct. Miller appeals.[1]

### II.

---

[1] We have jurisdiction under 28 U.S.C. § 1291. We exercise plenary review over dismissals for lack of subject-matter jurisdiction based on the face of the complaint. See Treasurer of N.J. v. U.S. Dep't of Treasury, 684 F.3d 382, 395 (3d Cir. 2012). We also exercise plenary review over the legal issues raised by Miller's Rule 59(e) motion, though we review the ultimate denial of that motion only for abuse of discretion. See Long v. Atl. City Police Dep't, 670 F.3d 436, 446-47 & n.20 (3d Cir. 2012).

We will affirm because the District Court properly held that Miller's complaint is barred by § 357(c).  That statute governs review of orders in judicial misconduct proceedings, and it provides in relevant part that "all orders and determinations [in such proceedings], including denials of petitions for review, shall be final and conclusive and shall not be judicially reviewable on appeal or otherwise."  28 U.S.C. § 357(c).  We agree that this statute bars the claims that Miller asserted in this case.  See Newman v. Moore, 151 F.4th 472, 479-80 (D.C. Cir. 2025) (discussing that court's previous holding in McBryde v. Committee to Review Circuit Council Conduct & Disability Orders of the Judicial Conference of the United States, 264 F.3d 52 (D.C. Cir. 2001), that "§ 357(c) bars from federal court [all] statutory and as-applied constitutional challenges to judicial council or Judicial Conference orders issued under the [Judicial Councils Reform and Judicial Conduct and Disability] Act [of 1980]").

Miller argues that § 357(c) does not bar any constitutional claims, but it bars the "conditional" as-applied challenge that he asserted in this case.  See id. at 480-82.  Section § 357(c) might not bar certain facial constitutional challenges, see id. at 480, 483, but we do not address that issue because Miller has not asserted any such challenge or otherwise raised anything suggesting a basis for one.  See Free Speech Coalition, Inc. v. Att'y Gen., 974 F.3d 408, 427 (3d Cir. 2020) (discussing the standard for a facial First Amendment overbreadth challenge).

Miller raises three other arguments, but they lack merit too.  First, he challenges the District Judge's denial of a recusal motion.  He argues that the judge should have decided the motion separately instead of denying it as part of the order of dismissal, but

3

we see no error in that regard.  Nor did the judge abuse his discretion in declining to recuse because the circumstances on which Miller relied (including his prior complaints about the judge and the judge's prior rulings) did not suggest any bias or appearance of partiality.  See Azubuko v. Royal, 443 F.3d 302, 304 (3d Cir. 2006) (per curiam); Securacomm Consulting, Inc. v. Securacom Inc., 224 F.3d 273, 278 (3d Cir. 2000).  We see nothing else that does.

Second, Miller argues that the District Court improperly "collapsed" merits determinations into its jurisdictional ruling.  He claims, for example, that the court improperly issued a merits ruling by rejecting his argument that the defendants' allegedly ultra vires acts were reviewable under Leedom v. Kyne, 358 U.S. 184 (1958).  But that argument went to the court's jurisdiction, and the court properly rejected it.  See McBryde, 264 F.3d at 63 (rejecting the same argument).  The court otherwise squarely and properly held that § 357(c) deprived it of jurisdiction over Miller's claims.  Given that ruling, we need not address other potential impediments to those claims, including sovereign immunity and judicial immunity.

Third, Miller argues that the court erred in dismissing his complaint without any adversarial process.  But courts may raise the issue of subject-matter jurisdiction sua sponte and must dismiss an action whenever such jurisdiction is lacking.  See In re Plavix Mktg., Sales Pracs. & Prods. Liab. Litig. (No. II), 974 F.3d 228, 232 (3d Cir. 2020) (citing Fed. R. Civ. P. 12(h)(3)).  And although courts should first provide notice and an opportunity to respond, Miller has had ample opportunity to respond on the jurisdictional

4

issue in his Rule 59(e) motion and on appeal.  He has not raised anything suggesting that the court had any basis for exercising jurisdiction in this case, and it did not.

III.

For these reasons, we will affirm the judgment of the District Court.  Miller's motions and other requests for relief in this Court are denied.[2]  We note that many of the motions and other documents that Miller has filed in this appeal and in other appeals and proceedings with this Court have been frivolous, repetitive, and otherwise abusive. Miller is warned that, if he continues to file documents with this Court that are frivolous, repetitive, or otherwise abusive, then the Clerk will terminate his electronic filing privileges pursuant to 3d Cir.  L.A.R. Misc. 113.2(d) and the Court will consider imposing sanctions.  Such sanctions could include a monetary fine, an order restricting Miller's ability to file documents with this Court until the fine is paid, and other restrictions on his ability to file documents with this Court.  In addition, now that we have resolved this appeal, Miller is prohibited from filing further documents in this appeal except for a timely petition for rehearing and any motions necessary to bring a timely petition for rehearing into compliance with the rules governing such petitions.  Any violation of this prohibition will result in termination of Miller's electronic filing privileges and could result in further sanctions as noted above.

---

[2] These requests include Miller's motion for the recusal of all Third Circuit judges.  We deny that motion as to ourselves.  Given our ruling, Miller's request for issuance of a certificate under 28 U.S.C. § 292(d) is unnecessary.