IN THE UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT

| | |
|---|---|
| MICHAEL MILLER<br>*Plaintiff*,<br><br>v.<br><br>JUDICIAL COUNCIL OF THE UNITED STATES COURT OF APPEALS FOR THE THIRD CIRCUIT;<br>JUDGE THOMAS M. HARDIMAN, in his official capacity;<br>JUDGE PATTY SHWARTZ, in her official capacity,<br><br>*Defendants*. | Civ. No: 25-2616<br><br>(DC case: 5:25-cv-04633) |

## PETITION FOR PANEL REHEARING AND REHEARING EN BANC

Appellant Michael Miller respectfully petitions for panel rehearing and rehearing en banc from the April 22, 2026 judgment and opinion under Fed. R. App. P. 40.

**STATEMENT SUPPORTING REHEARING EN BANC**

This proceeding warrants rehearing en banc because the panel decision conflicts with decisions of the Supreme Court, and the full Court's consideration is necessary to secure compliance with those controlling rules. The decision conflicts

with _Bell v. Hood_, 327 U.S. 678 (1946), _Webster v. Doe,_ 486 U.S. 592 (1988),

_Leedom v. Kyne_, 358 U.S. 184 (1958), and _Steel Co. v. Citizens for a Better_

_Environment_, 523 U.S. 83 (1998). The panel assumed that the challenged Rule 10

filing restriction was a covered 28 U.S.C. § 357(c) "order or determination," then

used § 357(c) to bar review of the Complaint's allegation that the restriction was

not a covered order at all.

This proceeding also presents a question of exceptional importance: whether

the Judicial Conduct and Disability Act's finality clause permits Judicial Council

action to become self-validating and unreviewable where the Complaint alleges

that the Council failed to perform the mandatory statutory and rule-based

predicates necessary to issue a covered Act order.

### INTRODUCTION

This petition presents one threshold error with eight consequences: the panel

applied § 357(c) before deciding whether § 357(c) covered the challenged Rule 10

filing restriction at all. The Complaint alleged that the restriction was not a covered

Act order because the Judicial Council omitted the mandatory predicates necessary

to issue one. On facial Rule 12(h)(3) review, the panel had to accept those

allegations as pleaded before applying finality.

The panel did not do that. The panel reframed a prospective enforcement challenge as collateral review, assumed statutory coverage, treated the assumed coverage as jurisdictional, and then used that jurisdictional premise to reject constitutional review, recusal sequencing, and process objections. The panel's disposition therefore rests on the predicate the Complaint disputed.

That is the Rule 40 error. <u>Finality may protect covered orders. Finality cannot create covered orders</u>. Rehearing is necessary because the opinion allows § 357(c) to bar review before any Article III court decides whether the Judicial Council acted under the Act at all.

## ARGUMENT

## I. The panel misapprehended the Complaint by reframing a prospective enforcement action as a collateral attack.

The panel characterized the Complaint as a collateral attack on completed misconduct proceedings. That characterization misapprehends the pleading. The Complaint alleged a present injury from an ongoing Rule 10 filing restriction that blocks future § 351 complaints, cuts off access to a process Congress made available to "any person," and remains redressable by prospective declaratory and injunctive relief. Compl. ¶¶ 4–7, 11–12, 77, 97–101.

The Complaint also pleaded that "[t]his case does not seek review of judicial rulings." Compl. ¶ 7. That pleaded distinction controls Rule 12(h)(3). A sua sponte dismissal for lack of subject-matter jurisdiction based on the face of the Complaint is facial jurisdictional review. On facial review, the Court must consider only the Complaint and referenced documents, accept the allegations as true, and construe the facts in the plaintiff's favor. *Constitution Party of Pennsylvania v. Aichele*, 757 F.3d 347, 358 (3d Cir. 2014); *Mortensen v. First Federal Savings & Loan Association*, 549 F.2d 884, 891 (3d Cir. 1977). The panel instead supplied the factual and legal predicate for § 357(c) by reframing the action as collateral review.

That error also conflicts with *Bell v. Hood*. *Bell* holds that jurisdiction is not defeated because the complaint may fail to state a valid cause of action; failure to state a claim calls for merits judgment, not dismissal for want of jurisdiction. 327 U.S. 678, 682–83 (1946). Once the panel recast a live challenge to ongoing enforcement as collateral review of completed proceedings, the panel bypassed the threshold question the Complaint actually presented: whether the Rule 10 restriction was ever validly issued under the Act.

**II. The panel overlooked that § 357(c) applies only to covered statutory "orders and determinations."**

4

The panel's § 357(c) holding depends on an unstated premise: that the June 27 Rule 10 restriction was a covered statutory "order or determination." The Complaint disputed that premise. The Complaint alleged no Council vote, no identified repetitious, harassing, or frivolous filings, no record findings, no reasoned Rule 10 determination, and no lawful statutory basis. Compl. ¶¶ 29–30, 45–50, 87–89, 91–99.

Section 357(c) does not make every Judicial Council paper unreviewable by caption. Finality presupposes a covered statutory act. Finality does not create statutory authority where mandatory predicates are absent.

At the facial Rule 12(h)(3) stage, the district court and panel had to accept the Complaint's allegations as true. _Constitution Party_, 757 F.3d at 358; _Mortensen_, 549 F.2d at 891; _Bell_, 327 U.S. at 682–83. The panel instead assumed coverage, then used coverage to foreclose review. That reasoning makes § 357(c) self-validating.

Miller does not argue that every statutory error defeats § 357(c). Ordinary legal error inside a covered Act proceeding remains subject to § 357(c). The narrower point is that § 357(c) cannot apply before a court determines that the challenged paper satisfies the minimum predicates necessary to qualify as an "order or determination" under the Act.

**III. *Leedom* confirms that the Complaint was not ordinary statutory review of a covered order.**

The panel treated *Leedom v. Kyne* as merely a rejected jurisdictional argument under *McBryde*. That treatment missed *Leedom*'s threshold rule. *Leedom* distinguishes ordinary review of a decision made within delegated authority from an original action to strike down an order made "in excess of delegated powers and contrary to a specific prohibition in the Act."

The Complaint pleaded the *Leedom* category. Miller did not merely allege error inside a covered Act proceeding. Miller alleged that the Council imposed an ongoing Rule 10 restriction without the predicates necessary to create such an order. Compl. ¶¶ 19–30, 45–50, 87–99. That allegation makes statutory coverage the threshold issue, not a merits objection barred after coverage already exists.

The district court's Rule 59(e) order confirms that Miller preserved this distinction. Miller argued that the Council's filing restriction was an administrative sanction issued in excess of delegated power, not ordinary review of a merits decision. The district court rejected that distinction by treating § 357(c) as an "unqualified" bar. ECF 9 at 1–2.

That disposition conflicts with *Leedom*'s presumption against denying judicial protection where the plaintiff alleges action outside delegated power and

6

no other forum can protect the statutory right Congress created. _Leedom_ holds that courts cannot "lightly infer" that Congress intended to deny judicial protection against agency action taken in excess of delegated powers.

The issue was therefore not whether § 357(c) bars ordinary statutory challenges to covered orders; the issue was whether the Rule 10 restriction was covered at all. _Leedom_ supports that threshold inquiry where a plaintiff alleges action outside delegated power rather than ordinary error inside a covered order.

**IV. The panel misapprehended _Newman_ as eliminating the threshold coverage issue.**

The panel relied on _Newman v. Moore_, 151 F.4th 472 (D.C. Cir. 2025), but _Newman_ proceeded on the premise that the challenged suspension order fell within § 357(c)'s covered category. _Newman_ did not hold that every paper bearing a Judicial Council caption automatically qualifies as a covered § 357(c) "order or determination."

The panel's own quotation of _Newman_ confirms the omitted predicate: § 357(c) bars challenges to Judicial Council orders "issued under the Act." An order is not "issued under the Act" merely because a Judicial Council caption invokes the Act. The Complaint alleged that the Rule 10 restriction was not issued under

the Act because the Council omitted the mandatory acts necessary to issue a valid Rule 10 restriction.

*Newman* confirms why that distinction matters. The D.C. Circuit rejected Judge Newman's statutory-authority argument only after noting that she did "not argue that the order imposing her suspension somehow falls outside the category of 'all orders and determinations' described in Section 357(c)." Miller's Complaint made that allegation here. The panel therefore extended *Newman* beyond its premise and used *Newman* to avoid the coverage question *Newman* never decided.

**V. The panel's construction creates the serious no-forum constitutional problem identified in *Webster*.**

The omitted coverage inquiry matters because the panel's construction creates the constitutional problem *Webster* forbids: no judicial forum for colorable constitutional claims. *Webster* holds that "where Congress intends to preclude judicial review of constitutional claims its intent to do so must be clear," because a serious constitutional question arises if a statute is construed to deny any judicial forum for a colorable constitutional claim.

Nothing in § 357(c) clearly states that Congress intended to bar Article III review of a colorable First Amendment challenge to an ongoing prospective filing restriction. The panel nevertheless applied § 357(c) before deciding whether the

Rule 10 restriction was covered by § 357(c). That sequence decides the constitutional question by assumption.

If the Rule 10 restriction was not validly issued under the Act, § 357(c) does not apply. If § 357(c) applies anyway, Judicial Council action becomes self-validating and constitutional claims disappear from every Article III forum. *Webster* requires a clear statement before that result. *Zwickler v. Koota* reinforces the same jurisdictional duty: federal courts may not decline federal constitutional adjudication merely because another forum might exist.

The required sequence is therefore straightforward: decide statutory coverage before construing finality to extinguish constitutional review. The panel did not follow that sequence.

## VI. The panel should clarify that no facial First Amendment issue was adjudicated.

The same predicate error affects the First Amendment ruling. The opinion states that Miller asserted no facial constitutional challenge and cites *Free Speech Coalition, Inc. v. Attorney General*, 974 F.3d 408, 427 (3d Cir. 2020), for the facial-overbreadth standard. That citation confirms why clarification is necessary. *Free Speech Coalition* requires an overbreadth analysis grounded in the text of the challenged law and actual facts. The panel performed no such analysis.

Count IV alleged that, if the Act and Rules authorized the June 27 filing restriction, then the statutory framework violated the First Amendment by authorizing standardless prospective restrictions on protected petitioning activity. Compl. ¶¶ 103–116. The claim concerned a preclearance regime governing future § 351 complaints, even though Count IV also used "as applied" language.

If the panel reads Count IV as as-applied only, the opinion should say so clearly. The Court should clarify that no facial First Amendment challenge to Rule 10, § 357(c), or any prospective preclearance regime for future § 351 complaints was adjudicated.

## VII. The panel misapprehended the recusal issue by treating structural entanglement as an ordinary adverse-ruling objection.

The same assumed coverage ruling also controlled the recusal disposition. The panel held that prior complaints and prior adverse rulings did not require recusal. That rule is not disputed. *Azubuko v. Royal* rejects judge-shopping by suing or complaining about a judge. 443 F.3d 302, 304 (3d Cir. 2006). *Securacomm Consulting, Inc. v. Securacom Inc.* rejects recusal based on adverse rulings or facts learned during judicial proceedings. 224 F.3d 273, 278 (3d Cir. 2000).

The opening brief raised a different issue. The issue was whether a district judge who was part of the factual sequence underlying the challenged Judicial

10

Conduct Act process could adjudicate a later civil action alleging that the same process was unlawfully mishandled, and could deny recusal by relying on the same § 357(c) theory that foreclosed review of that process. Opening Br. 9–11; ECF 3; ECF 8.

The panel did not address that structural-entanglement and sequencing issue. The panel reduced the issue to adverse rulings and prior complaints. Section 455 required the opposite sequence: resolve the nonfrivolous appearance-of-partiality objection before using a contested jurisdictional premise to terminate the action.

The panel's appellate recusal disposition confirms the same sequencing error. The opinion denied recusal "as to ourselves" and deemed § 292(d) relief unnecessary "[g]iven our ruling." That formulation again used the merits/jurisdiction disposition to defeat reassignment. Rehearing is warranted because the panel decided the *Azubuko/Securacomm* question, not the preserved structural-entanglement question.

VIII. Later Rule 59(e) and appellate briefing did not cure the facial-pleading error.

The same unresolved predicate also defeats the panel's process ruling. Miller did not merely argue that the district court dismissed too quickly. Miller argued that the district court resolved a disputed statutory-coverage predicate against the Complaint on a facial Rule 12(h)(3) dismissal.

11

Later briefing did not cure that error because the appellate opinion repeated the same assumption. The Complaint alleged that the Rule 10 restriction lacked the predicates necessary to qualify as a covered Act order. Compl. ¶¶ 29–30, 45–50, 87–99. The Rule 59(e) motion preserved that issue by invoking *Leedom*, *Webster*, and the distinction between administrative sanction and covered merits review. ECF 8; ECF 9 at 1–2. The panel affirmed without deciding whether the restriction was covered by § 357(c). The coverage question remains undecided.

Nor do *Steel Co.* or *In re Plavix Marketing, Sales Practices & Products Liability Litigation (No. II)* cure the error. *Steel Co.* requires jurisdiction to be established as a threshold matter, and the Supreme Court rejected assuming jurisdiction to reach another issue. *Plavix* permits sua sponte dismissal only after jurisdiction is actually absent. Neither case permits a court to convert statutory finality into subject-matter jurisdiction without a clear congressional statement, or to assume the disputed coverage predicate that determines whether jurisdiction is absent. Under *Steel Co.* and *Plavix*, the panel had to decide whether § 357(c) clearly made the disputed coverage issue jurisdictional before using Rule 12(h)(3). The panel did not ask that question.

## CONCLUSION

12

Panel rehearing should be granted. The Court should withdraw or amend the opinion and decide the threshold statutory-coverage issue before applying § 357(c). Section 357(c) cannot support dismissal for lack of jurisdiction at the pleading stage when the Complaint alleges that the challenged Rule 10 filing restriction lacked the mandatory predicates necessary to qualify as a covered "order or determination."

The panel's disposition gives § 357(c) a force Congress did not write. Under the opinion, a live challenge to ongoing enforcement becomes collateral review; disputed statutory coverage becomes assumed jurisdictional absence; finality becomes self-validation; and unresolved constitutional claims become no-forum claims. The result is not ordinary finality; it is unreviewable administrative self-certification.

That result is the substantive problem. The Judicial Council becomes the final judge of whether the Judicial Council complied with Congress's mandatory predicates, while a prospective restriction on future § 351 petitions remains enforceable with no Article III forum to test the restriction's statutory or constitutional validity. *Bell*, *Webster*, *Leedom*, and *Steel Co.* do not permit that result.

Alternatively, rehearing en banc should be granted because the proceeding presents an exceptionally important question: whether the Judicial Conduct and Disability Act's finality clause can make Judicial Council action self-validating and eliminate any Article III forum for colorable constitutional claims challenging a prospective restriction on petitioning activity.

Respectfully submitted,

*/s/ Michael Miller*
Michael Miller
Pro Se Appellant
108 N. Reading Road, F-246
Ephrata, Pennsylvania 17522
reaganfive@protonmail.com
(717) 388-0163

May 5, 2026

I certify that this petition complies with Fed. R. App. P. 32 and Fed. R. App. P. 40 because it is produced using a computer, is set in a proportionally spaced typeface, and contains no more than 3,900 words, excluding the parts exempted by Fed. R. App. P. 32(f).

*/s/ Michael Miller*

## CERTIFICATE OF SERVICE

Since Appellees have not appeared in this case and the proceedings are non-adversarial, I hereby certify that on this day, I electronically filed the foregoing motion with the Clerk of the Court for the United States Court of Appeals for the Third Circuit using the appellate CM/ECF system. All participants are registered CM/ECF users, and service will be accomplished by the appellate CM/ECF system.

Respectfully submitted,
*/s/ Michael Miller*
Michael Miller
Pro Se Appellant
108 N. Reading Road, F-246
Ephrata, Pennsylvania 17522
reaganfive@protonmail.com
(717) 388-0163

Dated: May 5, 2026